CHARLES L. COLE v. ROBERT BOYD, WELLINGTON R. BURT
AND WILLIAM J. BARTON.

*Special questions to the jury.*

Special questions were submitted to a jury bearing upon the liability of
defendants as partners. If answered in one way such a liability
could not be established. They gave a general verdict for the plain-
tiffs but returned that they were not able to agree upon any of the
special questions. Comp. Laws, § 6026 makes the special findings
control the general verdict. *Held,* that a direction by the court that
having found a general verdict they were bound to answer the spe-
cial questions in harmony with it, and instructing them how to
frame such replies, was error, as its effect was that the court and not
the jury decided the material issues.

Special questions to the jury are to enable the court to learn what view
they take of the material issues and to correct wrong inferences from
the facts which they find to exist.

Error to Saginaw.    Submitted Oct. 12.    Decided Oct. 19.

ASSUMPSIT.  Defendant brings error.  Judgment set aside.

*Tarsney, Tennant & Weadock* for plaintiff in error.
Where general and special findings are inconsistent the spe-
cial findings contain the judgment of the court: *Harbaugh
v. Cicott* 33 Mich. 241.

*Wisner & Draper* for defendants in error.

CAMPBELL, J.   Charles L. Cole, the plaintiff in error, and
Hiram D. Cole were sued jointly by defendants in error to
recover the balance remaining unpaid of an account for cer-
tain goods furnished to one Robbins Jones.   The two Coles
were in partnership in the cheese business up to 1874, when
the testimony tended to show they dissolved and Hiram D.
Cole continued the business.   We discover no evidence
which could lawfully be received as against Charles L. Cole
to make out any subsequent partnership, in favor of persons
who had not dealt with the firm before.   There is some

testimony from Mr. Boyd of various transactions—some by one and some by the other of the Coles, at different times, but we do not discover anything indicating partnership, except that Boyd inferred one from the use of certain letterheads which appear to have been used after the dissolution.

Boyd testifies that in 1877 his firm was buying cheese of H. D. Cole, and says " he wanted we should sell Jones what goods he might want, and he would see that we were paid for them.   He said he wanted about fifty dollars worth at that time, and said he would pay for them ; that Mr. Jones had been in business there, and was somewhat unfortunate, and he wanted to render him some assistance, and wanted us to send him some goods,—about $50 worth,—and said he would pay for them." This is the only evidence of any express arrangement; and this was not made in the name of any but H. D. Cole, and was confined to fifty dollars. Whether it was an original or collateral promise we need not now stop to inquire.   But on this occasion Boyd testifies he sold Jones $70 worth of goods, of which he paid $20 in cash and the balance was charged to H. D. Cole.   The testimony as to subsequent dealings tends to show on the part of plaintiffs below a series of transactions in furnishing Jones goods, on which payments and credits were made from time to time, some by Jones, some by one or the other of the Coles, and charges on the books to the Coles or one of them which it is claimed they recognized and acted on.

There were, when the testimony on both sides was in, several matters of fact which left before the jury, as claimed by the parties, questions as to the person or persons to whom credit was given, and the conduct of the various parties in reference to the accounts.   It is not necessary to determine, now, whether from this confused mass any joint liability of the two Coles could lawfully have been inferred, because the course taken on the trial prevented the jury from properly dealing with any of the chief inquiries.

The jury had presented to them a series of specific questions involving the various facts which would determine the nature of the transactions as binding or not upon the defend-

ants below. If found in one way there could have been no such liability. Having under the charge of the court reached a general verdict for plaintiffs below, they returned that they were not able to agree upon any of these questions. This was equivalent to saying they could not agree on anything which was necessary to decide the case. But the court directed them that having found a general verdict they were bound to answer these questions in harmony with it, and instructed them how they should frame such replies, which they accordingly did.

Section 6026 of the Compiled Laws, in conformity with well-settled principles, makes the special findings in all cases control the general verdict. Their purpose is to enable the court to know what view the jury take of the material issues, and to correct their possibly wrong inferences from the facts which they find to exist. The effect of the course taken here was to make the court and not the jury decide the issues.

The judgment for this error must be set aside and a new trial granted with costs.

The other Justices concurred.