JASON HEMENWAY, JR., v. EDWARD E. BURNHAM.

*Partnership—Action at law—Special questions to jury.*

1. One member of a firm of lumber manufacturers, who owned the mill, rented one-half of it to his copartner, who agreed to pay 50 cents per thousand feet on the mill cut; which agreement is held to have been an independent letting or leasing, entitling the lessor to receive of the lessee 50 cents per thousand feet for all lumber sawed; but it is further held that the subsequent dealings of the parties might have been such as to constitute the item of rent a portion of the partnership dealings, and that, if the jury found such facts as justified this inference, the lessor could not recover the rent in a suit at law.

2. The lessee, for the purpose of showing that the item for rent

had passed into and become a part of the unsettled copartnership account, introduced the partnership books, on which rent had been credited to the lessor and charged to the lessee, and also offered testimony tending to show that the lessor inquired if such entry had been made, and at different times examined the books to see if the credits had been given, which testimony was disputed by the lessor. And it is held that it was error to refuse to submit to the jury, on the request of the lessee, certain questions, which, taken together, called for answers to the questions whether the saw-bill of 50 cents per thousand was credited to the lessor and charged to the lessee on the partnership books, and whether the lessor had notice of such entries, and whether he made any objection to this course of dealing, as the answers, if made as dictated by the lessee's testimony, would have been inconsistent with the general verdict in favor of the lessor.

Error to Lenawee. (Lane, J.) Argued January 21, 1892. Decided February 5, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Watts & Smith,* for appellant.

*Weaver & Weaver,* for plaintiff, contended:

1. The construction of the agreement, in its provisions as appearing on its face, was for the court; citing *Thompson v. Richards,* 14 Mich. 172; *Curtis v. Martz,* Id. 506; *Dudgeon v. Haggart,* 17 Id. 273; *McKenzie v. Sykes,* 47 Id. 294; *Railroad Co. v. Lamphear,* 54 Id. 575; *Tompkins v. Gardner & Spry Co.,* 69 Id. 58.

2. The court was not in error in refusing to submit the special questions to the jury, for had they been answered the findings would not have supported or been consistent with the general verdict. Again, they were all upon inconclusive matters, and immaterial to the issue, in a sense that their determination would serve any useful or important purpose in arriving at a decision of the issue submitted to the jury; citing *Maclean v. Scripps,* 52 Mich. 250; *Pigott v. Engle,* 60 Id. 226; *Oliver v. Sanborn,* Id. 357; *Miner v. Vedder,* 66 Id. 104.

MONTGOMERY, J. In the year 1882 plaintiff and defendant engaged in the business of manufacturing lum-

ber, as copartners. Plaintiff owned or had control of the saw-mill which was used in the business, and the agreement between the parties provided as follows:

"Said Hemenway rents to said Burnham one-half of his saw-mill for one year from this date, with the privilege of five years, for which he is to pay fifty cents for each and every thousand feet the mill cuts of lumber to said Hemenway; and he also agrees to furnish $1,200 worth of stock for their joint use in the manufacture of lumber, if necessary."[1]

The trial judge construed this provision of the contract as an independent letting or leasing, entitling the plaintiff to receive of defendant 50 cents a thousand feet for all lumber sawed, but at the same time instructed the jury that the subsequent dealings of the parties might have been such as to constitute this item a portion of the partnership dealings, and, if such facts as justified this inference were found by the jury, the plaintiff could not recover at law. We think these instructions were correct.

The defendant, for the purpose of showing that this item for rent had passed into and become a part of the unsettled copartnership account, introduced the copartnership books, by which it appeared that credits had been given on such books from time to time to the plaintiff, at the rate of 50 cents per thousand for the use of the mill, and a corresponding charge entered against defendant. The defendant also offered testimony tending to show that the plaintiff inquired if such entry had been made, and at different times examined the books himself to see if the credits had been given. The plaintiff disputed this testimony.

The defendant requested the trial judge to submit four

---

[1] Plaintiff sued to recover 50 cents per thousand feet for all lumber cut under the contract.

special questions to the jury, which, taken together, call for an answer to these questions:

Was the saw-bill of 50 cents per thousand credited to plaintiff on the copartnership books?

Was a corresponding charge made to defendant on the books?

Did the plaintiff have knowledge of these entries?

Did the plaintiff make any objection to this course of dealing?

The learned circuit judge refused to submit these questions to the jury. We think this was error. If these questions had been answered by the jury as the testimony offered on behalf of defendant would have dictated, the answers would have been inconsistent with the general verdict for the plaintiff. It was therefore the duty of the trial judge to submit them to the jury. *Cole v. Boyd,* 47 Mich. 98; *Mechanics' Bank v. Barnes,* 86 Id. 632; *Harrison v. Railroad Co.,* 79 Id. 409; *Sherwood v. Railway Co.,* 82 Id. 374.

For the error pointed out the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.