WILLIAM D. LEWIS, ADMINISTRATOR OF THE ESTATE OF EMANUEL FOX, DECEASED, v. MICHAEL P. ROULO.

*Evidence—Death of witness—Contract of employment—Quantum meruit.*

1. Evidence of what a plaintiff testified to in justice's court is admissible on the trial of the case in the circuit court on defendant's appeal, pending which the plaintiff died, and the suit was revived in the name of his administrator; citing *Howard v. Patrick,* 38· Mich. 795; *Stewart v. Bank,* 43 Id. 257; *Labar v. Crane,* 56 Id. 585; *Dunbar v. McGill,* 69 Id. 297; 1 Greenl. Ev. § 163.

2. In a suit to recover for services performed, as claimed, under a special agreement as to the amount of compensation to be paid therefor the plaintiff is entitled to have the case submitted to the jury upon the theory that the defendant agreed to pay a definite sum for such services, and to an instruction that, if plaintiff fails to establish that agreement, he is entitled to recover upon a *quantum meruit,* if the jury find that he was employed to perform the services.

3. In a suit by a clerk to recover for work performed after office hours, and, as claimed, under a special agreement as to extra compensation, proof of the manner in which plaintiff performed his regular work is incompetent.

Error to Wayne. (Brevoort, J.) Argued October 26, 1892. Decided November 18, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*William E. Walsh,* for appellant.

*Park & Henderson,* for defendant.

GRANT, J.    Defendant was register of deeds for the county of Wayne, and Emanuel Fox was a clerk under him.    Fox was paid by the county of Wayne a salary of $1,000 per year.    His working hours were from 8:30 A. M. to 4 P. M.    Act No. 262, Laws of 1887, made it the duty of the register of deeds of each county to notify the supervisors and assessing officers of the various counties of the existence of mortgages recorded but undischarged. For every such notice the register was to receive 10 cents. In accordance with this act, defendant caused notices to be given of the mortgages in the county of Wayne. Defendant received pay for this service.    *Roulo v. Board of Auditors,* 74 Mich. 129.    These notices were in fact made by Mr. Fox.    Plaintiff introduced evidence tending to show that Mr. Fox, at defendant's request, performed this service, and that he promised to pay him extra compensation therefor.    The case was first tried in justice's court.    Mr. Fox died before the trial in the circuit court.

1. Plaintiff was entitled to have his case submitted to the jury upon the theory that defendant agreed to pay Mr. Fox a definite sum for such services.    He was also entitled to an instruction to the jury that, if he failed to establish a contract for a specific sum, still he was entitled to recover upon a *quantum meruit,* provided he established the fact that defendant employed Mr. Fox to do the work out of office hours.

2. The court rejected evidence of what Mr. Fox testified to in regard to the transaction in the justice's court.    This was error.    Such testimony is competent.    1 Greenl. Ev.

§ 163; *Howard v. Patrick,* 38 Mich. 795; *Stewart v. Bank,* 43 Id. 257; *Labar v. Crane,* 56 Id. 585; *Dunbar v. McGill,* 69 Id. 297.

3. One James A. Visger, who was also a clerk in the office, testified that Fox was unsteady in his regular work during office hours, and was permitted to testify that he made complaint to defendant. This testimony was incompetent. The conduct of Mr. Fox in the regular work upon which he was·employed was disconnected with this special service, and had no bearing upon the contract here involved.

It is unnecessary to discuss the other questions raised. Judgment reversed, and a new trial ordered.

The other Justices concurred.