STEVENS v. BEARDSLEY.

<div style="float:right">

122    671
s134    507
</div>

1. LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE.

In an action for rent, where the amount was in dispute, it was error to admit evidence as to what the tenant of adjoining premises, also owned by plaintiff, paid him for their rental.

2. SAME—VALUE—CREDIBILITY OF WITNESSES.

It was proper, however, where defendant alleged, and plaintiff denied, an agreement that he should occupy at a reduced rental, to show, as bearing upon the probabilities of the truthfulness of the parties, that rents in the locality had depreciated during the period of defendant's occupancy.

3. EVIDENCE—ADMISSIBILITY.

It is reversible error for the trial court to allow the introduction of testimony as to matters outside the issue, calculated to prejudice the jury against one of the parties. So *held*, where certain irrelevant verses, written by plaintiff upon the reverse of a letter to defendant's attorney, were permitted to be read in evidence.

Error to Montcalm; Davis, J. Submitted November 14, 1899. Decided February 20, 1900.

*Assumpsit* by William H. Stevens against William R. Beardsley for rent. From a judgment for defendant, plaintiff brings error. Reversed.

*V. H. & H. H. Smith*, for appellant.

*L. C. Palmer*, for appellee.

LONG, J. Plaintiff sued defendant for rent of a store building in the city of Stanton, the claim being for rent from October 8, 1887, to December 31, 1892, five years and three months, at $8 per month, amounting to $504. The defendant claimed as a set-off the payment of $304 in merchandise and cash, and also the payment of $24 rent to March 19, 1888. He also claims that the contract

for the rent of the store was for $8 per month from October, 1887, to March 19, 1888, and that at the latter date a new agreement was made at the rate of $6 per month; that he occupied it at the new rate until March 19, 1889, when the rent was again lowered to $5, at which rate he occupied it until January 2, 1893. The use and occupation of the premises for the full period claimed is admitted by the defendant. The plaintiff admits receiving payments amounting to $230.95, but denies the balance of defendant's set-off, $73.05. He also denies payment in full to March 19, 1888, and claims there is due, including interest, $368.10. The jury found in favor of the defendant, allowing him all his set-off, giving him a verdict for $5.34, upon which judgment was entered for that amount. Every item of defendant's set-off was necessary to give the balance in his favor. The following items, with others, were especially disputed by plaintiff: $35 claimed to have been paid by defendant by his giving plaintiff an order for that amount on a third person; $9.80 claimed to have been expended by Beardsley in building a partition in the store, which he claimed plaintiff was to furnish; and $24 claimed to have been paid in February, 1888. Plaintiff brings error.

It appears that the block, a part of which defendant occupied, was divided into three stores, the defendant occupying the half of the middle one. The plaintiff testified that he did not know what year the corner one was occupied after defendant went in. He was then asked on cross-examination, "Do you know how much he [the occupant of the corner store] paid you per month?" This was objected to by plaintiff's counsel, the objection overruled, and plaintiff was directed to answer, and did answer, "Eight dollars per month." The first assignment of error is based upon this ruling. We think this was error. This evidence could have no bearing whatever on the question of the amount of rent to be paid by defendant for the other store. It is sometimes permissible to show the value of the article in dispute as bearing upon

the probability of the truthfulness of the parties, but under no rule can the price or value of other articles, or the rental value of other property, be shown as bearing upon the probability of the truthfulness of the parties.

The court admitted testimony tending to show that the rent of other business houses in the city of Stanton depreciated during the time of defendant's occupancy, as relating to the tendency of the prices for rents, whether upward or downward, or whether rents remained stationary. This is assigned as error. We think the court was not in error in this. It has frequently been held that, where the contract price is in dispute, testimony as to value may be shown as bearing upon the probabilities of the truthfulness of the parties. *Misner* v. *Darling*, 44 Mich. 440; *Wickes Bros.* v. *Swift Electric Light Co.*, 70 Mich. 322.

The principal error claimed, however, relates to the ruling of the court in admitting in evidence a certain letter written by plaintiff to the defendant's attorney, upon the reverse side of which was written by the plaintiff certain verses, which reflected severely upon the integrity of the defendant. The court permitted these verses, as well as the letter, to be read in evidence. We think the court was in error in receiving the letter and verses in evidence. The letter itself contained no admissions that the defendant was not liable for rent, and in fact it expressly charged that "Rance [the defendant meaning] won't pay his rent." The verses might well tend to prejudice the plaintiff's case before the jury. It was held in *Bennett* v. *Eddy*, 120 Mich. 300, that it was error for the trial court to allow the introduction of testimony as to matters outside the issue, and which would tend to prejudice the jury against one of the parties.

Some other errors are claimed, but those questions are not apt to arise on another trial, and we therefore do not deem it necessary to pass upon them. For the errors pointed out, the judgment must be reversed, and a new trial granted.

The other Justices concurred.