STEVENS v. BEARDSLEY.[1]

1. SETTLEMENT—EVIDENCE.
   A jury was justified in finding a settlement from evidence that the parties met for the purpose of making a settlement, that the accounts were gone over in detail, that the items and amounts were not objected to, that a small balance was found due defendant, and that, for nearly six years, plaintiff made no claim that defendant owed him, although the witnesses did not say that it was agreed the accounts should be settled in full.

2. SAME—BURDEN OF PROOF—REQUESTS TO CHARGE.
   Where the court had, in his general charge, properly instructed the jury as to the burden of proof, it was not error, when the jury were brought into court to inquire if they were likely to agree, to refuse a request that the burden of proving a settlement was on the defendant.

3. TRIAL—INSTRUCTIONS—SPECIAL QUESTIONS.
   It is not error to instruct the jury that a special question must be answered.

4. SAME—EVIDENCE—EXCLUSION—HARMLESS ERROR.
   Where a jury found specially that there had been a settlement of plaintiff's demand, the exclusion of testimony not bearing on the settlement, if error, was harmless.

Error to Montcalm; Wolcott, J., presiding.  Submitted June 10, 1903.  (Docket No. 61.)  Decided September 30, 1903.

*Assumpsit* by William H. Stevens against William R. Beardsley for rent.  From a judgment for defendant, plaintiff brings error.  Affirmed.

---

[1]Rehearing denied January 5, 1904.

*V. H. & H. H. Smith,* for appellant.

*L. C. Palmer* (*N. O. Griswold,* of counsel), for appellee.

MOORE, J.   The defendant was a tenant of the plaintiff from some time in October, 1887, until December, 1892, or early in January, 1893.   This suit was commenced in justice's court August 29, 1898.   It was appealed to the circuit court, where a verdict was rendered in favor of defendant, and upon appeal to this court the case was reversed. It is reported in 122 Mich. 671 (81 N. W. 921).   A reference to the opinion will aid in understanding the questions involved in this appeal.

Upon the last trial, the jury again rendered a verdict in favor of defendant.   It is the claim of plaintiff that, when defendant vacated the building, he owed plaintiff $300.05, and, according to his own showing upon the trial, he owed plaintiff $49.41.   Upon the part of the defendant, it is claimed that he did work for, and made payments to, the plaintiff, so that he had overpaid him $5.34.   It is also his claim that in February or March, 1893, in response to his request made to the plaintiff that he come to defendant's house and they would settle, the plaintiff came, and, in response to an inquiry of how he thought the account stood, said he thought defendant owed him $70; that he got his books, and went through the accounts, and, when they came to the item of a colt defendant had let plaintiff have for $60, the plaintiff stated he had forgotten all about the colt; that, when they came to the item of lumber which defendant put into a partition in the building, defendant stated to the plaintiff that, if plaintiff did not want the lumber, defendant would take it out, and would pay him the money, and that plaintiff desired him to leave it there; that they went over all the items, and that plaintiff made no objection to them, and that, including the lumber at the price which he paid for it, which lumber was left, as requested by plaintiff, there was a balance due defendant of $5.34; and that plaintiff went away

apparently satisfied, and from that time until the suit was brought (nearly six years thereafter) the plaintiff made no claim that defendant was indebted to him.  Plaintiff admits he was at defendant's house at the time stated, but denies that there was any settlement or any admission of the correctness of defendant's account, and explains his delay in bringing the suit by saying he regarded defendant as insolvent.  The record discloses plaintiff did not keep any book account or written memorandum of the payments made to him.

The first group of assignments of error discussed by counsel relates to the charge of the court upon the question of settlement; counsel insisting there was no testimony from which a settlement could be found.  We cannot agree with counsel.  It is true the witnesses do not say it was then and there agreed the accounts should be settled in full, but it was the claim of the counsel that the purpose of the meeting was to make a settlement; that the accounts were gone over in detail; that the items and amounts were not objected to; that a small balance, if the lumber was charged at its cost, would be due defendant; that, leaving the lumber out, there would be a small balance due the plaintiff; and that defendant offered to pay the money or leave the lumber, and that plaintiff requested the lumber be left, and it was left.  This testimony, if believed by the jury, coupled with the fact that for nearly six years plaintiff made no claim that defendant owed him, fully justified the jury in finding there was a settlement of the accounts.  What we have said disposes of the assignments of error relating to the submission to the jury of a special question as to whether there was a settlement or not.

After the jury had been out for a time, they were brought into court, and an inquiry made if they were likely to agree if they remained out longer, and the foreman announced they were; but it was also said the jury had not agreed upon an answer to the special question, and inquiry was made if it was necessary to answer the

special question, and the jurors were instructed they would have to go back and deliberate until they could answer the question one way or the other. While the judge was talking with the jury, the following occurred:

"*Mr. Smith:* May I ask you to say to the jury upon whom the burden of proof would rest as to the settlement?

"*The Court:* I will state this: That the burden of proof on all the propositions necessary to recover is on the plaintiff. To entitle the plaintiff to recover, he must show there is a balance due him. If there is not a balance due him, either by reason of his having been paid or having been settled, he is not entitled to recover. I instruct you, as to all the items of set-off which are disputed, the burden of proof is on the defendant.

"*Mr. Smith:* I ask the court to say to the jury, the burden of proof would not be upon the plaintiff to show there was no settlement, but, the defendant coming in and claiming it, the burden is on him to prove it.

"*The Court:* I don't think it should be said now. If you have anything to be said to the court, it should be said privately. I think I shall make no change in my instructions to the jury on the burden of proof. I will permit you to retire again to your room to consider further of your verdict."

Counsel thinks he was not well treated, and that he was entitled to have his request given. The trial judge had shown a great deal of patience in the trial of this case. We have a record in it of nearly 100 pages. The learned judge had in his general charge carefully and properly instructed the jury as to the burden of proof. It is stated by counsel for defendant that they were not in court when this occurred. Be this as it may, there was no occasion for the judge to recharge the jury upon that branch of the case.

It is also claimed the instruction of the court that the special question must be answered amounted to duress, and the judge had no right to say to the jury they must return an answer to the question; citing *Harbaugh* v. *Cicott,* 33 Mich. 246; *Cole* v. *Boyd,* 47 Mich. 98 (10 N. W. 124); *Mechanics' Bank of Detroit* v. *Barnes,* 86 Mich. 645 (49 N. W. 475). In the cases of *Cole* v. *Boyd, supra,* and *Mechanics' Bank of Detroit* v. *Barnes,*

*supra*, the judge instructed the jury they must answer the special questions so they would be consistent with the general verdict, and it was held this defeated the object of the statute. Here no intimation was given as to how the question should be answered, but the court told the jury he would not receive any verdict until they had answered the question. My associates are of the opinion that what was said by the trial judge was not in conflict with what is said in *Harbaugh* v. *Cicott, supra*, and was not error.

The record discloses that, in the trial of a libel case between the parties to this suit, the testimony of Mr. Hawley was taken in relation to the genuineness of defendant's signature to an exhibit which was also in evidence in this case. It was conceded Mr. Hawley was in California. Plaintiff offered the evidence given by him in the other trial. It was excluded upon objection of defendant, and error is assigned; citing *Lucker* v. *Liske*, 111 Mich. 683 (70 N. W. 421). In this case the testimony which was admitted was the testimony of a party to the litigation. This is true of another of the cases cited.[1] An admission made by a party is always admissible against him; while, in the other cases cited in this court,[2] the testimony was given in the same case upon a former trial. So far as we know, this court has never passed upon the question. My associates are of the opinion it is not necessary to pass upon it here. The testimony which was excluded did not bear upon the question of whether a settlement was made or not, and, as the jury found a settlement was made, they are of the opinion that, if the testimony was admissible, its exclusion was not harmful error.

The other assignments of error have been considered, but do not call for discussion.

Judgment is affirmed.

The other Justices concurred.

---

[1] *Lewis* v. *Roulo*, 93 Mich. 475 (53 N. W. 622).
[2] *Howard* v. *Patrick*, 38 Mich. 795; *Dunbar* v. *McGill*, 69 Mich. 297 (37 N. W. 285).