TANIS v. EDING.

1. MOTOR VEHICLES—LIABILITY AS OWNER—CERTIFICATE OF TITLE— STATUTES.

Purchaser of automobile was not liable as owner, under statute (1 Comp. Laws 1929, § 4648), where he had not received certificate of title at time of accident.

2. SAME—DANGEROUS INSTRUMENTALITIES—MASTER AND SERVANT.

Independently of statute, loan of automobile does not render owner liable for negligence of driver under doctrine of "dangerous instrumentalities," but liability is governed by law of master and servant.

3. SAME—LIABILITY OF OWNER KNOWINGLY LENDING CAR TO RECKLESS DRIVER.

Owner of automobile is liable for negligence of borrower, where owner lends it knowing that borrower is incompetent, reckless, or careless driver, and likely to cause injuries to others in its use.

4. SAME—PLEADING—CAUSE OF ACTION—LENDING TO RECKLESS DRIVER.

    Where, in action against owner of automobile and others for negligence of driver, declaration alleged that, when owner consented to driver's taking said car, he knew that driver was careless, reckless, and incompetent driver, court was in error in dismissing case against owner for failure to state cause of action, although owner was not liable under statute (1 Comp. Laws 1929, § 4648), and declaration did not allege that driver was agent or servant of owner, engaged in his business at time of accident.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 3, 1933. (Docket No. 25, Calendar No. 37,357.) Decided December 5, 1933.

Case by Sophie Tanis, by next friend, against Jacob Eding and others for personal injuries received when struck by an automobile driven by an employee of defendant Eding. From order dismissing action as to defendant Eding, plaintiff appeals. Reversed, and cause remanded.

*Leo W. Hoffman* and *Clare E. Hoffman (Carl E. Hoffman,* of counsel), for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant Eding.

FEAD, J. This is review of judgment dismissing a declaration for failure to state a cause of action against defendant Eding.

The declaration alleges in substance that Eding operates an automobile sales and service garage, in which Harvey Zeerip was manager and Harry Brower was an employee; that defendant Vredeveld delivered a car at the garage in exchange for a new one; that the exchange was completed except that Vredeveld did not deliver a certificate of title;

that Zeerip and Brower took the car from the garage with Eding's consent, and, while Brower was driving it negligently, it struck and injured plaintiff; and that Eding knew, when he gave his consent to Brower's taking the car, that he was a careless, reckless, and incompetent driver.

The claimed defect is that the declaration did not allege that Brower was agent or servant of Eding, engaged upon his business at the time of the injury.

Eding was not liable, under 1 Comp. Laws 1929, § 4648, as owner of the car, because he had not received certificate of title. *Kimber* v. *Eding,* 262 Mich. 670.

Defendant relies on *Johnston* v. *Cornelius,* 193 Mich. 115, in which the car was driven without the owner's consent; *Hartley* v. *Miller,* 165 Mich. 115 (33 L. R. A. [N. S.] 81, 1 N. C. C. A. 126); *Loehr* v. *Abell,* 174 Mich. 590, and *Brinkman* v. *Zuckerman,* 192 Mich. 624, in which it was not claimed the driver was incompetent. These cases are authority that, independently of statute, the loan of an automobile does not render the owner liable for the negligence of the driver under the doctrine of "dangerous instrumentalities," but liability is governed by the law of master and servant. This is the general rule. 16 A. L. R. 270. At bar, however, we have the added charge that the lender knew the borrower was an incompetent driver.

The precise question is new in this State. The overwhelming weight of authority supports the following:

"The general rule that an owner of an automobile is not liable for the negligence of one to whom the automobile is loaned has no application in cases where the owner lends the automobile to another, knowing that the latter is an incompetent, reckless, or careless driver, and likely to cause injuries to

others in the use of the automobile; in such cases the owner is held liable for injuries caused by the borrower's negligence on the ground of his personal negligence in intrusting the automobile to a person who he knows is apt to cause injuries to another in its use." 36 A. L. R. 1148.

See, also, 42 C. J. p. 1078; 68 A. L. R. 1013; Babbitt on Motor Vehicle Law (4th Ed.), § 1315.

The rule is sound and is applicable here.

Judgment reversed, with costs, and cause remanded for trial.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.