WESTRATE *v.* SCHIPPER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CLAIM WITHDRAWN AFTER COMMENCEMENT OF ACTION.

In action of assumpsit by physician for services rendered by himself and as assignee of nurse and other doctors who also performed services for defendant, where claim of one assignor was withdrawn after commencement of action it need not be considered on plaintiff's appeal.

2. PHYSICIANS AND SURGEONS—EXPRESS CONTRACTS—UNCONSCIOUS PATIENTS.

An express contract could not exist between plaintiff physician and defendant, a minor when plaintiff was called into the case, where defendant was unconscious at that time and assignors of part of plaintiff's claim who assisted plaintiff admit they were not hired by defendant.

3. SAME—IMPLIED CONTRACTS—UNCONSCIOUS PATIENTS—SALES ACT.

Provision of sales act that where necessaries are sold and delivered to an infant he must pay a reasonable price therefor involves an agreement and since an unconscious person is incapable of making an agreement such statute is inapplicable to permit recovery on theory of implied contract by a physician who was called to attend an unconscious infant (2 Comp. Laws 1929, §§ 9440, 9441).

4. INFANTS—NECESSARIES—LIABILITY FOR EMERGENCY SERVICES OF PHYSICIAN.

At common law an infant is not liable for necessaries if she is living with her father who is ready and willing to pay for necessaries, hence physician may not recover from infant for emergency services rendered in absence of showing that her father was not willing and able to pay for same.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 15, 1938. (Docket No. 106, Calendar No. 40,029.) Decided June 6, 1938.

Assumpsit by William Westrate against Sophie Schipper, formerly Sophie Tanis, for medical and nursing services. Judgment for defendant. Plaintiff appeals. Affirmed.

*J. Thomas Mahan,* for plaintiff.

*Carl E. Hoffman* and *Leo W. Hoffman,* for defendant. .

BUTZEL, J. Plaintiff sued Sophie Schipper, formerly Sophie Tanis, for payment for medical services rendered. On December 4, 1931, when defendant was under 16 years of age and living at the home of her parents, she and another girl, also a minor, were injured by an automobile owned by Harry Vredeveld and driven by Harry Brower, an employee of Jacob Eding. Defendant was taken to a hospital where she remained unconscious for nine days. Obviously she was not in such a condition that she could make a contract with anyone. Plaintiff was called immediately, apparently by the hospital authorities, to attend defendant. His bill for $395.18 is unpaid. A nurse was also called in at the time and her bill for $142.14 is unpaid. Another physician specializing in ophthalmology was called in by plaintiff. His bill of $74.98 also remains unpaid. Another doctor also assisted plaintiff and subsequently performed an appendectomy on defendant, and there was $442.53 due him. Over five years after these services were rendered, plaintiff took an assignment from the other two doctors and the nurse

and brought this suit against defendant for the aggregate of all the claims.

Much litigation has ensued since the accident to establish liability therefor. The case of *Tanis* v. *Eding,* 280 Mich. 440, finally resulted in the affirmance of a judgment in favor of defendant against Eding and Brower. Shortly after the opinion was handed down, plaintiff brought the instant suit against defendant and also garnishee proceedings against Eding and Brower.

Defendant never asserted any claim against Eding and Brower for payment of medical services required. There may be some question whether the plaintiff and his assignors were not employed by garnishee defendants' insurer and whether they did not look to it for payment for their services. The claim of the doctor who performed the appendectomy was withdrawn after the suit was begun and need not be considered.

Plaintiff declared on an express contract with defendant. Necessarily it could not exist for it is admitted that defendant was unconscious at the time when plaintiff and the nurse were called into the case. The doctor and nurse who assisted plaintiff admit that they were not hired by defendant. Plaintiff asks this court to amend his declaration so as to add the common counts and thus base his claim on an implied contract under 2 Comp. Laws 1929, § 9441 (Stat. Ann. § 19.242) (uniform sales act, § 2), which provides that

"Where necessaries are sold and delivered to an infant, * * * he must pay a reasonable price therefor."

Section 9440, 2 Comp. Laws 1929 (Stat. Ann. § 19.241), however, provides that a "sale of goods

is an agreement," et cetera. There certainly could not be an agreement with a person admittedly unconscious and therefore the statute does not apply. We must fall back upon the general rule of the common law which holds that an infant is not liable for necessaries, if he is living with his father who is ready and willing to pay for necessaries. *Harris* v. *Crawley,* 161 Mich. 383; 70 A. L. R. 572 and 71 A. L. R. 226.

The cases cited by plaintiff's counsel do not apply. In *Re Dzwonkiewicz's Estate,* 231 Mich. 165, the infant had been abandoned by his father and was in the custody of his mother, who had been appointed guardian. No reference is made to the ability of the mother to pay for necessaries. It was clear that the father was not willing and able to pay for necessaries. In *Bishop* v. *Shurly,* 237 Mich. 76, the father was dead and an express contract for medical services had been made which the court held binding under the sales act provision. In the instant case there is no evidence that the father of defendant was not willing and able to pay for necessaries.

The judgment of the trial court in favor of defendant is affirmed, with costs.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.