HARING v. MYRICK.

1. MASTER AND SERVANT—COMMON LAW—MASTER'S LIABILITY FOR INJURIES INFLICTED BY SERVANT.

A master, at common law, is liable for injuries negligently inflicted by his servant upon another only when the servant is then acting within the scope of his employment.

2. AUTOMOBILES—STATUTES—OWNER'S LIABILITY FOR DRIVER'S NEGLIGENCE.

The common-law rule as to a master's liability to other persons for injuries inflicted upon them by the negligence of the master's servant is modified by statute to the extent that the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant § 552 et seq.
[2, 4] 5A Am Jur, Automobiles and Highway Traffic § 631 et seq.
  35 Am Jur, Master and Servant § 577 et seq.

owner of an automobile is liable for injuries from its negligent operation if it is being driven with the owner's express or implied consent whether or not the relation of master and servant exists between the owner and driver (CLS 1956, § 257.401).

3. NEGLIGENCE—COMMON LAW—OWNER'S LIABILITY FOR NEGLIGENCE IN LETTING INEXPERIENCED PERSON USE CHATTEL.

An owner of a chattel, such as a motor vehicle, may not entrust it to an incompetent or inexperienced person without, at common law, incurring liability for resulting negligent injuries ` to others, the owner's liability then arising from his negligence in permitting its use by an incompetent or inexperienced person with knowledge of the probable consequences.

4. AUTOMOBILES—LIABILITY OF OWNER FOR NEGLIGENTLY INFLICTED INJURIES—STATUTES.

The statute imposing liability upon owner for negligent injuries inflicted by another person as driver of a car does not apply to action for negligent injuries inflicted when the car was not being driven at time fire occurred (CLS 1956, § 257.401).

5. SAME — NEGLIGENCE — REPAIRS — COMMON LAW — INEXPERI-ENCED SON.

Declaration averring that defendant owner had failed to use due care in permitting an unskilled and inexperienced person to use, maintain, operate, and repair his car, and that as a result of negligence in blowing out the gas line plaintiff was sprayed with gasoline which was ignited by a heating appliance defendant's inexperienced son was using, thereby severely burning plaintiff, stated a cause of action at common law against the owner.

6. BAILMENT—OWNER'S LIABILITY FOR INCOMPETENCE OF USER.

The owner of a chattel who loans it to another who is incompetent or inexperienced is liable for resulting injuries to others whatever the intended use of the chattel so long as the user's competence therefor is inadequate and known to the owner.

Appeal from Newaygo; Van Domelen (Harold), J. Submitted October 5, 1962. (Docket Nos. 35, 36, Calendar Nos. 49,742, 49,743.) Decided December 4, 1962.

Case by Archie Haring, by Julian Haring, next friend, against Gordon Myrick and Harry Church

for personal injuries sustained when burned during repair operations on automobile of defendant Church. Derivative suit by Julian L. Haring. Cases treated as consolidated. Action against defendant Church dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Marcus, McCroskey, Finucan & Libner* and *Russell L. Shepherd* (*Thomas W. Finucan,* of counsel), for plaintiffs.

*Reber & Reber,* for defendant Church.

Souris, J. At common law, a master is liable for injuries negligently inflicted by his servant upon another only when the servant is then acting within the scope of his employment. *Hartley* v. *Miller,* 165 Mich 115 (33 LRA NS 81, 1 NCCA 126); *Riley* v. *Roach,* 168 Mich 294 (37 LRA NS 834); and *Brinkman* v. *Zuckerman,* 192 Mich 624. If a negligent injury occurs while the servant is engaged in pursuit of his own affairs and not those of his master, it makes no difference, ordinarily, that the injury is inflicted by use of an instrumentality belonging to the master. *Brinkman* v. *Zuckerman, supra,* 628. However, by statute such as CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101), the common law has been modified to the extent that the owner of an automobile is liable for injuries resulting from its negligent operation if it is being driven with the owner's express or implied consent whether or not the relation of master and servant exists between the owner and the driver. In each of these circumstances, where liability is imposed upon the master or the owner, it is a vicarious liability stemming from the negligence of the servant or of the driver to whom an owner has entrusted his automobile.

There is another circumstance, however, where liability at common law is imposed upon the owner of a chattel for injuries resulting from its negligent use by another. Such liability arises when the owner permits an incompetent or inexperienced person to use his chattel with knowledge that such use is likely to cause injuries to others. Apart from such statutes as that cited above, the owner of a motor vehicle may not entrust it to such a person without liability for resulting negligent injuries to others. 36 ALR 1137, 1148; *Naudzius* v. *Lahr,* 253 Mich 216, 229 (74 ALR 1189, 30 NCCA 179); *Tanis* v. *Eding,* 265 Mich 94, 96;[1] and *Elliott* v. *A: J. Smith Contracting Co.,* 358 Mich 398, 414. In such circumstances, the owner's liability is also in part vicarious for it cannot arise unless the person entrusted with the automobile uses it negligently; but, the primary basis for the owner's liability is said to be his own negligence in permitting its use by an incompetent or inexperienced person with knowledge of the probable consequences.

In the case at bar, the trial court dismissed, on motion and before answer, 2 declarations (in cases treated as consolidated both in the trial court and on appeal) as against 1 of several defendants. The dismissed defendant, appellee here, was declared by plaintiffs to be the owner of an automobile which was being repaired by his minor son. Gasoline, or gasoline fumes, from the car's tank came in contact with a heating appliance being used by the son to thaw a frozen gasoline line and ignited, burning 1 of the plaintiffs who was standing nearby. The trial judge properly ruled that CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101) was not applicable to im-

---

[1] The interesting and protracted litigatory history of the events from which this case arose can be found beginning in *Kimber* v. *Eding,* 262 Mich 670, followed by *Tanis* v. *Eding, supra; Tanis* v. *Eding,* 274 Mich 288; *Tanis* v. *Eding,* 280 Mich 440; and ending in *Westrate* v. *Schipper,* 284 Mich 383.

posé liability upon appellee-owner because the motor vehicle was not being driven at the time the fire occurred. The express language of the statutory provision precludes its application to the facts of this case.

However, apart from the statute, plaintiffs' declarations alleged causes of action against appellee as owner of the automobile within the common-law rules discussed in the forepart of this opinion. As in this appeal, *Tanis* v. *Eding, supra,* involved dismissal of a declaration by the trial court because of the inapplicability of the statute, the dismissed defendant not having taken title yet to the motor vehicle. The dismissal was reversed, however, on the ground that a common-law cause of action also had been pleaded against him. The court distinguished cases like *Hartley* v. *Miller, supra,* and *Brinkman* v. *Zuckerman, supra,* which turned upon the doctrine of *respondeat superior,* and noted that plaintiff's declaration alleged the dismissed defendant[2] had loaned the car to a person he knew was an incompetent driver. Commenting that the precise issue was new in this State, we quoted (pp 96, 97) the following from 36 ALR 1137, 1148, as representing the overwhelming weight of authority:

" 'The general rule that an owner of an automobile is not liable for the negligence of one to whom the automobile is loaned has no application in cases where the owner lends the automobile to another, knowing that the latter is an incompetent, reckless, or careless driver, and likely to cause injuries to others in the use of the automobile; in such cases the owner is held liable for injuries caused by the borrower's negligence on the ground of his personal neg-

---

[2] Although the Court had previously found defendant had not taken title to the automobile and was not its owner within the meaning of the statute, for purposes of imposing common-law liability, it was sufficient that he possessed the car and exercised control over it.

ligence in entrusting the automobile to a person who he knows is apt to cause injuries to another in its use.' "

The pertinent allegations of duty, breach, and damage contained in the identical declarations at bar are:

"6. That it was then and there the duty of defend-ant Harry Church to exercise due care as to the use, maintenance, repair and operation of his automobile and to refrain from permitting its use, maintenance, operation and repair by an unskilled and inexperienced person. * * *:

"8. That defendant Harry Church * * * was guilty of negligence * * * as follows:

"(a) In that Harry Church permitted his automobile to be in the custody of an unskilled and inexperienced person.

"(b) In that Harry Church failed to properly instruct and warn Jerry Church in the use, maintenance and repair of his automobile.

"(c) In that Harry Church failed to properly supervise and control the use, maintenance, operation and repair of said automobile. * * *

"9. That as a result of the negligence aforesaid and while Jerry Church was blowing the gas line from the forward part of said automobile fumes from said gas line and gas tank sprayed onto Archie Haring and were drawn, by up draft or otherwise, to a heating appliance Jerry Church had placed under said automobile causing said fumes and gasoline to burst into flame. That Archie Haring's clothing and body became ignited and burned causing Archie Haring to be severely, painfully, and permanently injured and scarred."

These allegations, if proved, would support a verdict and judgment against appellee on the strength of the common-law rule of *Tanis* v. *Eding, supra.* The rule of that case is not, like the statutory rule, so limited that its principle applies only to cases

where automobiles are loaned to be driven. The rule, as stated in *Tanis,* applies with equal force whatever the intended use, provided only that the user's competence is inadequate therefor.[3]

Reversed and remanded. Cost to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.

---

[3] See section 213 of the 1 Restatement, Agency (2d) which states the rule as follows:

"A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

"(a) in giving improper or ambiguous orders of [*sic*] in failing to make proper regulations; or

"(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others;

"(c) in the supervision of the activity; or

"(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control."