## DORTMAN v. LESTER.

1. INFANTS—AUTOMOBILES—CONTROL.
A minor may own an automobile, and, if of sufficient age and judgment, have the legal ability to control its use and operation, and be legally chargeable with that responsibility.

2. SAME—LICENSE TO OPERATE AUTOMOBILE—CONSENT OF PARENT.
A minor who is 18 years of age may have an operator's license allowing him to drive upon the public streets and highways of the State and needs no parental consent therefor (CLS 1961, § 257.308).

3. AUTOMOBILES—MINOR DRIVER—PARENTS' RESPONSIBILITY.
Parent of minor driver *held*, not responsible, solely because of parenthood, for negligent torts of such minor.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5–9] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 574, 584.
Common-law liability based on entrusting automobile to incompetent, reckless, or unlicensed driver. 168 ALR 1364.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 107.
Construction and effect of statutes which make parent, custodian, or other person signing minor's application for vehicle operator's license liable for licensee's negligence or wilful misconduct. 26 ALR2d 1320.
[4] 39 Am Jur, Parent and Child § 55.

4. PARENT AND CHILD—NEGLIGENCE OF CHILD.
   Parent of child is not liable for negligent torts of his child at the common law.

5. SAME—STATUTES—NEGLIGENCE—MALICIOUS DESTRUCTION OF PROPERTY.
   Statute imposing and limiting liability of parent for malicious or wilful destruction of property by minor child under 18 years of age has no application to case involving negligent tort of minor motorist over 18 years of age (CLS 1961, § 600.2913, as amended by PA 1962, No 23).

6. NEGLIGENCE—NEGLIGENT ENTRUSTMENT—POWER TO CONTROL.
   The principle of negligent entrustment has no application unless it be shown that the party upon whom liability is sought to be imposed had a capacity to exercise a control over the object entrusted.

7. AUTOMOBILES—OWNERSHIP—PRESUMPTION—CONTROL.
   A presumption exists that control of an automobile rests solely in the name of parties who are the owners thereof.

8. JUDGMENT—SUMMARY JUDGMENT—PRESUMPTION OF CONTROL—ISSUE OF FACT.
   Summary judgments were properly entered for defendant father · in actions by plaintiff husband and wife for injuries alleged to have been sustained by latter as a result of the negligent tort of defendant minor son, 18 years and 7 months of age, while operating car owned by minor and his mother, where defendant father supported his motion for summary judgment by affidavit denying ownership of the vehicle, denying son was father's agent, denying negligent entrustment of the vehicle to the son and denying presence in the vehicle, and plaintiffs filed no response so as to raise a genuine issue of fact (GCR 1963, 117.2 [3], 117.3, 117.4).

9. AUTOMOBILES—NEGLIGENT ENTRUSTMENT.
   Parent *held,* not liable for tort of negligent entrustment of automobile to dangerous driver when parent has no capacity to exercise control over automobile.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 April 5, 1966, at Lansing. (Docket Nos. 423, 652.) Decided June 28, 1966. Leave to appeal granted by Supreme Court November 14, 1966. See 378 Mich 739, 380 Mich 80.

Complaint by Frances A. Dortman against Harger
H. Lester, Barre E. Lester, and Lucille Lester for
injuries sustained in automobile collision. Similar
complaint by Ralph Dortman against same defend-
ants for derivative damages. Summary judgment in
each case dismissing Harger H. Lester as defendant.
Plaintiffs appeal. Cases consolidated on appeal.
Affirmed in each case.

*Peter E. Bradt,* for plaintiffs.

*Schlee, McIntosh, Simpson, Oppliger & Mugan*
(*Gerald E. Mugan,* of counsel), for defendant Har-
ger H. Lester.

Lesinski, C. J.   Appeal is taken by plaintiffs from
summary judgments granted in favor of defendant
Harger H. Lester in each of two cases which were
consolidated herein for purposes of hearing and
decision on the merits.

The actions arose out of a collision which occurred
on October 13, 1961, when the motor vehicle of de-
fendants Barre E. Lester and Lucille Lester, his
mother, ran into the rear of a motor vehicle occupied
by plaintiff Frances A. Dortman, the wife of plain-
tiff Ralph Dortman.

The complaint in each case alleged that Harger
H. Lester and Lucille Lester were the parents of
Barre E. Lester, age 18 years and 7 months, who
was subject to their orders, direction, and parental
control at the time of the accident.   The complaints
also alleged that for some time prior to the col-
lision of October 13, 1961, Harger Lester had per-
mitted Barre E. Lester to operate said motor vehicle
upon the public highway, although said parents
knew or in the exercise of due care should have
known that Barre E. Lester was an incompetent,

inexperienced, unsafe, careless and reckless driver, and as a motor vehicle operator was likely to speed, drive recklessly and cause injury to others.

The complaints for purposes of this appeal adequately stated a cause of action as to Barre E. and Lucille Lester.

Pursuant to leave granted, each complaint was amended to allege that Barre E. Lester was living at home with his parents at the time of the collision and, alternatively, that the motor vehicle was a family car owned and used for the benefit of all defendants, and that at the time complained of the minor was operating it as the agent of his parents.

In both cases a motion for summary judgment in favor of Harger H. Lester was filed on the ground that he did not own the motor vehicle; that in driving it his son was not acting as his agent; that he did not negligently entrust the vehicle to his son; and that at the time of the collision he was not in the Lester vehicle. This motion was supported by the affidavit of Harger H. Lester.

The issue before this Court is whether a parent of an 18-year-old minor living at home and known to the parent to be a reckless and incompetent driver, is negligent in allowing the child to own and operate a motor vehicle upon the public highway.

Under the law of this State a minor child is allowed to have ownership of a motor vehicle. As stated in *Parks* v. *Pere Marquette R. Co.* (1946), 315 Mich 38, 44:

"*A minor may own an automobile;* and if he is of sufficient age and judgment he not only has the legal ability to control its use and operation, but he is legally chargeable with that responsibility." (Emphasis supplied.)

See, also, *Semmens* v. *Floyd Rice Ford, Inc.* (1965), 1 Mich App 395, 401.

Further, under the statutes of this State, a minor over 18 years of age is allowed to have an operator's license allowing him to drive upon the public streets and highways of this State, and there is no requirement for prior parental consent as a condition to issuance of same. See CLS 1961, § 257.308 (Stat Ann 1960 Rev § 9.2008).

The fact that a minor of 18 years may have an operator's license, without parental consent, makes the case at bar stronger for the defendant than *Shaler* v. *Reynolds* (1960), 360 Mich 688. In *Shaler* a 16-year-old minor injured the plaintiff in a car owned and driven by the minor. As to the mother of the minor who signed the application for the operator's license, the court held no liability. Thus, in a case wherein the parent was in a position to prevent the minor from acquiring an operator's license and the court held no liability, certainly no liability can fall upon the parents for the driving of the minor when the minor can obtain an operator's license without parental consent.

Also the law is clear that no liability can attach to the parent for the negligent acts of his minor child except as provided by statute. See CLS 1961, § 600.2913, as amended by PA 1962, No 23 (Stat Ann 1962 Rev § 27A.2913). This case does not come under the provisions of this statute.

Further, the plaintiffs rely on the act of the parent as the act of negligence, to wit: allowing an incompetent, negligent minor child to drive a motor vehicle which the child owns or is part owner of upon the public streets and highways of this State.

The only basis on which liability herein could be predicated is the theory of "negligent entrustment." However, this principle as set down in *Tanis* v. *Eding* (1933), 265 Mich 94; *Perin* v. *Peuler* (1964), 373 Mich 531 (rehearing, 369 Mich 242), has no

application in this case unless there is a showing that the party in fact had a capacity to exercise a control over the object entrusted. The presumption herein is that ownership of the automobile being in the name of Barre E. Lester and his mother, they *alone* had control. The plaintiffs did nothing to rebut this presumption so as to raise a genuine issue of fact. In short, the plaintiffs filed no affidavits to rebut the one filed by the defense, and the trial judge had no alternative but to institute the summary judgment procedure outlined in GCR 1963, 117.2(3), 117.3, 117.4. See *Durant* v. *Stahlin* (1965), 375 Mich 628; *Green* v. *Lundquist Agency, Inc.* (1966), 2 Mich App 488; and *Christy* v. *Detroit Edison Company* (1966), 2 Mich App 730.

Judgments affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.