MUMA v. BROWN.

DECISION OF THE COURT.

1. AUTOMOBILES—NEGLIGENCE—MINORS.
   Judgment for defendant parents in action against them for injuries sustained by 3-year-old minor because of alleged negligence of 14-year-old defendant son of defendant parents in operation of automobile is affirmed.

SEPARATE OPINION.

DETHMERS, C. J., AND KELLY AND O'HARA, JJ.

2. AUTOMOBILES—OWNER'S LIABILITY FOR NEGLIGENT OPERATION—CONSENT.
   *The vehicle code renders the owner of a motor vehicle liable for its negligent operation by another, if such operation is with the express or implied knowledge or consent of the owner (CLS 1961, § 257.401).*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 583, 584.
   Automobiles: liability of parent for injury to or death of child's guest by negligent operation of car. 2 ALR 900, 88 ALR 590.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 571.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 583, 588, 595, 911.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 911–913.
[5] 53 Am Jur, Trial § 1083.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 583, 584.
[7–9] 39 Am Jur, Parent and Child § 55.
[10] 7 Am Jur 2d, Automobiles and Highway Traffic § 351.
[11, 12] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 583, 584.
[13] 5 Am Jur 2d, Appeal and Error § 849.
[14] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 574, 575, 583, 584.
[15] 8 Am Jur 2d, Bailments §§ 259, 260.
[16–18] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.
   Common-law liability based on entrusting automobile to incompetent, reckless, or unlicensed driver. 168 ALR 1364.

3. SAME—CONSENT OF OWNER—MEMBER OF FAMILY—PRESUMPTIONS.

*The statutory presumption that an automobile was being driven with the owner's consent if driven by an immediate member of his family is a rebuttable presumption (CLS 1961, § 257.401).*

4. SAME—CONSENT OF OWNER—MEMBER OF FAMILY—PRESUMPTIONS —EVIDENCE.

*Statutory presumption that operation of motor vehicle by 14-year-old son of the owner was with the consent and knowledge of the owner in suit for damages allegedly caused by negligent operation of the vehicle by the son held, a question of fact for jury, since the presumption was rebuttable, and evidence bearing on the issue was in conflict (CLS 1961, § 257.401).*

5. SAME—SPECIAL QUESTION—VERDICT—NEGLIGENCE.

*Jury's negative answer to special question as to defendant parents' consent to their minor son to drive automobile involved in collision with plaintiff held, to control the general verdict against the parents, and thus, under the statute the parents did not become liable for the negligent operation of the motor vehicle by their son (CLS 1961, § 257.401, CL 1948, § 618.39).*

6. SAME—NEGLIGENCE—EVIDENCE—LIABILITY OF PARENTS—NEGLIGENCE OF CHILD.

*Holding of trial court in action for damages sustained when plaintiff was struck by car driven by defendants' 14-year-old son that defendant parents were not liable for the negligent operation of the car by their son under the common law merely by having absented themselves from the family home for the weekend, leaving the minor son unsupervised and a set of car keys available held, supported by record.*

7. NEGLIGENCE—PARENT AND CHILD.

*The general rules of negligence must be applied to determine the liability of parents for the negligent acts of their children.*

8. SAME—PARENT AND CHILD—PROXIMATE CAUSE—FORESEEABILITY.

*There must be some act of the parents that was the proximate cause of the injurious or damaging act to impose liability on the parents for a negligent act of their child, and the specific act of the child must be such that it was foreseeable by the parents.*

9. SAME—PARENTAL SUPERVISION—LIABILITY FOR ACT OF CHILD.

*Liability of a parent for the tortious conduct of his child because of parents' negligence in the exercise of supervision must*

*be predicated on some specific relation to the act of which complaint is made, and liability may not be predicated on a failure to supervise where supervision would not have rendered the parent aware of the possibility of tortious conduct of the child.*

10. AUTOMOBILES—DANGEROUS INSTRUMENTALITY.

*An automobile in the hands of an unlicensed, inexperienced operator can be a dangerous instrumentality.*

11. SAME—NEGLIGENCE—LIABILITY OF PARENTS—ACT OF CHILD— SUPERVISION.

*Parents may be held liable for the tortious conduct of their children in cases where the family-owned motor vehicle is operated by the child without the express or implied knowledge or consent of the parent owners, by reason of their failure to exercise proper parental supervision.*

12. NEGLIGENCE—AUTOMOBILES—TORTIOUS CONDUCT OF CHILD— SUPERVISION.

*A parent, who knows or could reasonably be expected to know that an unlicensed minor child under his supervision and control will undertake to operate a motor vehicle of said parent, is under an obligation to exercise a high degree of care to render the vehicle unavailable to the minor child.*

13. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

*The Supreme Court, in reviewing order granting a motion for directed verdict or for judgment non obstante veredicto, views the evidence and draws reasonable inferences therefrom in the light most favorable to the party against whom the verdict was directed, or against whom judgment was entered notwithstanding the verdict.*

14. AUTOMOBILES—PARENT AND CHILD—PATTERN.

*A pattern of unauthorized driving by the minor son of parents should alert them to the likelihood that he would drive the car in their absence.*

DISSENTING OPINION.

T. M. KAVANAGH, SOURIS, AND ADAMS, JJ.

15. BAILMENT—OWNER'S LIABILITY FOR INCOMPETENCE OF USER.

*The owner of a chattel who loans it to another who is incompetent or inexperienced is liable for resulting injuries to others whatever the intended use of the chattel so long as the user's competence therefor is inadequate and known to the owner.*

16. NEGLIGENCE—COMMON LAW—OWNER'S LIABILITY FOR NEGLIGENCE IN LETTING INEXPERIENCED PERSON USE CHATTEL.

An owner of a chattel, such as a motor vehicle, may not entrust it to an incompetent or inexperienced person with knowledge of the probable consequences.

17. AUTOMOBILES—NEGLIGENT ENTRUSTMENT—CONSENT.

An injured person may recover damages from the owner of a motor vehicle whether the owner intentionally entrusted the vehicle to an incompetent driver or negligently made it accessible to him, provided that in either case the owner knew or should have known that the incompetent driver's use of the vehicle would likely cause injuries to others.

18. SAME—NEGLIGENT ENTRUSTMENT—JUDGMENT—APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO.

Action of trial judge in setting aside jury verdict for injured plaintiff, a 3-year-old child, against defendant parents on theory that there was no evidence to show defendants negligently entrusted the family automobile to defendant 14-year-old child held, reversible error, where the record contained sufficient evidence to support the jury verdict.

Appeal from Court of Appeals, Division 3; Lesinski, C. J., Holbrook and Burns, JJ., affirming Roscommon; O'Keefe (Dennis J.), J. Submitted October 5, 1966. (Calendar No. 2, Docket Nos. 51,336, 51,337.) Decided March 7, 1967.

1 Mich App 373, affirmed.

Declarations by Stanley D. Muma, a minor by his guardian Betty M. Muma, against Ernest Brown, Edna Brown, and Larry Brown for injuries sustained when struck by an automobile driven by Larry Brown and owned by Ernest Brown and Edna Brown. Derivative action by Stanley E. Muma, plaintiff's father. Cases consolidated for trial. Verdict for plaintiffs. Judgment *non obstante veredicto* granted as to Ernest Brown and Edna Brown. Judgment for plaintiffs entered as to defendant Larry Brown. Plaintiffs appealed. Judgments

affirmed by Court of Appeals.  Plaintiffs appeal.
Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander* (*Peter F. Cicinelli* and *Eugene D. Mossner*, of counsel), for plaintiffs.

*Cotter, Janes & Cotter* (*Gerald J. Cotter* and *Paul F. O'Connell*, of counsel), for defendants.

O'HARA, J.  This is an appeal from a decision of the Court of Appeals[1] affirming judgment *non obstante veredicto* for defendants Ernest Brown and Edna Brown.

Stanley D. Muma is a minor.  At the time he sustained the injuries for which these suits were brought, he was 3 years old.

Larry Brown at the time of the occurrence of the events complained of was 14 years old.  Ernest and Edna Brown are his parents.  Stanley E. Muma is the minor plaintiff's father.  Guardian Betty Muma is his mother.  Two actions were instituted; one was by the injured minor's father, the other by the guardian.  They were consolidated for trial and submitted to the jury on 2 special questions, which are here set forth:

"1. Did Larry Brown have the implied consent of his parents Ernest and Edna Brown to drive their Dodge car on August 16, 1957, the day of the accident?

"2. Did the parents of Larry Brown fail to supervise him on the day of the accident?"

To question number 1, the jury answered "no."
To question number 2, it answered "yes."  It re-

---

[1] 1 Mich App 373.

turned a verdict for $5,668.55 for medical expense and $7,000 for general damages against both the minor driver and his parents.

This case was tried in February, 1962, prior to the adoption of the revised judicature act. The special question procedure was controlled by CL 1948, § 618.39 (Stat Ann § 27.1019), which provided:

"In all cases where an issue of facts is tried before any court of record, the court shall at the request in writing, of the counsel of either party, instruct the jury if they return a general verdict, also to find upon particular questions of facts, respecting which the issue is joined, to be stated in writing, and shall direct a written finding thereon: Provided, Such special questions shall not exceed 5 in number, and shall be each in single, short sentences, readily answered by yes or no. The special verdict, or finding, shall be filed with the clerk, and entered upon the minutes, and when any special finding of facts shall be inconsistent with a general verdict, the former shall control the latter, and the court give judgment accordingly."

We must apply the statute and the case precedent interpreting it to the case at bar. The first special question was directed to the liability of the defendant parents under the Michigan motor vehicle ownership statute.[2] That statute renders the owner of a motor vehicle liable for its negligent operation by another, if such operation is with the express or implied knowledge or consent of the owner. Additionally, it provides that where the operation is by a son of the owner as here, there is a presumption that such operation is with the owner's knowledge and consent. This, however, is a rebuttable presumption. For an extended discussion of the nature of the presump-

---

[2] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101.)

tion and the evidence necessary to overcome it, see *Krisher* v. *Duff,* 331 Mich 699.

Knowledge and consent having been placed in issue and evidence bearing on that issue being in conflict, a fact question for the jury arose. On this issue the jury held with the defendants. The negative answer to the first special question exculpated the parents from the statutorily imposed liability. This finding was at variance with the general verdict against them. Under the settled law as of the time of trial, clearly the statute and the cases mandate that the special findings control the general verdict. This precedent has been settled since as early as *Cole* v. *Boyd,* 47 Mich 98. Manifestly we must apply it. Thus, under the statute the parents did not become liable for the negligent operation of the motor vehicle by their son.

Plaintiffs further declared on the theory that the parents having absented themselves from the family home for a weekend, leaving the minor son unsupervised and a set of car keys available, became liable for his negligent operation of the automobile under common law. This theory also became the subject of special question number 2, earlier set forth. To this question the jury answered "yes." Thus, there was no variance between the answer to the second special finding and the general verdict. The question therefore becomes whether plaintiff's judgment on this theory was supported by proof. On this issue the trial court held:

"The court feels that it would be stretching the common-law theory of parents' liability for failure or lack of parental supervision, if the judgment or verdict rendered against the defendants, insofar as the defendants Ernest Brown and Edna Brown are concerned, was permitted to stand. To say that the defendants Ernest Brown and Edna Brown were negligent, and that their negligence was the proxi-

mate cause of the injuries complained of, would in
the court's opinion, be against the great weight of the
testimony in this case. The testimony in the record
in this case shows that the defendant Larry Brown
was denied permission to use the family automobile,
and there was no testimony showing that he did use
it on any other occasion, than on the 14th and 15th
day of August, 1957. That prior to leaving for the
weekend, the father Ernest Brown placed the auto-
mobile in the garage, which garage had no door on
it, that he locked the ignition and the four car doors.
That there is nothing in the record to show that the
defendant Larry Brown knew where the mother's
keys were in the house. There is nothing in the
record to show that the defendant Larry Brown was
known to be reckless and incompetent. In this case,
if the Court should agree with the plaintiff's com-
mon-law theory, then it wouldn't be safe for a parent
to leave home, and leave your automobile while your
minor child was home.

"Therefore, it is the decision of this court, that
the motion *non obstante veredicto* should be granted
insofar as the defendants Ernest Brown and Edna
Brown are concerned, and that the motion as far
as it applied to the defendant Larry Brown will be
denied, and that the motion for a new trial as far
as it applies to defendant Larry Brown will be
denied."

On review the Court of Appeals held:

"We are forced to look outside of our jurisdiction
for guidelines in determining this issue of parental
supervision."

The question being one of first impression and of
major significance, we granted leave. The reasoning
of the Court of Appeals was as follows (pp 379,
380):

"It is evident then, that to impose liability on the
parents for a negligent act of their child, the general
rules of negligence must be applied. Thus, there

must be some act of the parents that was the proximate cause of the injurious or damaging act. *Further, the specific act of the child must be such that it was foreseeable by the parents.* As to the question: Is lack of supervision actionable negligence? The rule is clearly stated in 67 CJS, Parent and Child, § 68, at 799, 800:

" 'In order to render a parent liable his or her negligence in the exercise of parental supervision must have some specific relation to the act of which complaint is made, and liability may not be predicated on a failure to supervise where supervision would not have rendered the parent aware of the possibility of tortious conduct of the child.'

"In the case at bar, defendant minor had never taken the car before without his parents' consent. In fact, the only time he had ever driven it was with his father's consent once in a gasoline station and a few times up and down the driveway.

"He did drive it the day before the accident, but this was after his parents had left for the weekend. Therefore, the defendant-parents could not have anticipated or foreseen that their son would take the car while they were away since he had never done so before. Whether the parents were remiss in their duty by leaving their 14-year-old boy home unsupervised for a 3-day weekend is not the question here. What the boy did, could have been done while he was left alone at home for a few hours.

"Since the law as stated above stresses foreseeability as a prerequisite to a finding of actionable negligence in cases of lack of parental supervision, and we find no such foreseeability here, we hereby affirm the lower court's judgment."

We agree in substance with the finding. Specifically, we hold that parental liability can attach in cases where a family-owned motor vehicle is operated by a child without the express or implied knowledge or consent of the parent owners, by reason of

failure in the exercise of parental supervision. Such liability is predicated on the judicially knowledgeable fact as well as the settled law that an automobile in the hands of an unlicensed, inexperienced operator can be a dangerous instrumentality.[3] Thus, if a parent knows, or could reasonably be expected to know, that an inexperienced minor operator over whom he can exercise supervision and control will undertake to operate a motor vehicle, the availability of which to such inexperienced driver is also under the control of the parent, the parent is under obligation to exercise a high degree of care to render the vehicle unavailable to the child. We are fully cognizant of the gravity of this parental responsibility. We of necessity equate it with danger to society arising by reason of the operation of motor vehicles by inexperienced minors. We would not be understood to mean that any time a minor unauthorizedly operates a motor vehicle owned or controlled by his parents, the parents become liable for the minor's tortious act. We stress, as did the trial court and the Court of Appeals, the reasonable foreseeability of the exigency. In the case at bar there was only the skimpiest evidence, if any, of previous unauthorized operation of the family car by the son.

On a motion for a directed verdict, or judgment *non obstante veredicto,* we view the evidence and draw reasonable inferences therefrom in the light most favorable to the party against whom the verdict was directed, or against whom judgment was entered notwithstanding the verdict. *Fitzpatrick* v. *Ritzenhein,* 367 Mich 326 (p 329).

So viewed the evidence here established nothing more than the average interest of a minor in things mechanical and the almost universal impatience of the teenager to drive the family car. There is a vast

---

[3] See *Cebulak* v, *Lewis,* 320 Mich 710, 722, 723 (5 ALR2d 186),

difference between a request or desire to drive and a *pattern* of unauthorized driving. The latter should reasonably alert the parents to the likelihood that the minor would drive the car in their absence.

We are constrained in the factual context of this case to affirm the Court of Appeals. Costs to the defendants Ernest and Edna Brown.

DETHMERS, C. J., and KELLY, J. concurred with O'HARA, J.

BLACK, J., concurred in the result.

SOURIS, J. (*dissenting*). Plaintiffs, on our grant of leave, appeal from the Court of Appeals' affirmance of the circuit judge's judgment in favor of defendant parents *non obstante veredicto*. Plaintiffs' case against defendant parents was submitted to the jury on two theories, (1) the parents' vicarious liability imposed by CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101) for the damages caused by the negligence of their son while driving their automobile and, alternatively, (2) their primary liability for negligently leaving their 14-year-old son at home unsupervised over a three-day weekend during which he injured plaintiff minor while negligently driving defendants' automobile. On this appeal plaintiffs raise no questions for appellate review relating to their claim based upon the cited statute and, therefore, we refrain from expressing any views thereon. Plaintiffs' appellate assertion of error, instead, relates exclusively to their right to recover damages under their second theory of the case. It is their claim before this Court that their proofs were sufficient legally to support the jury's verdict in their favor and that the circuit judge erred reversibly in granting defendant parents' motion for judgment *non obstante veredicto*.

It is the law of this State that the owner of a chattel who permits an incompetent or inexperienced person to use his chattel with knowledge that such use is likely to cause injuries to others is liable for the injuries resulting from its negligent use by such person. The basis for the owner's liability in such circumstances is his own negligence in permitting the chattel's use by an incompetent or inexperienced person with knowledge of the probable consequences. *Haring* v. *Myrick* (1962), 368 Mich 420, 423. Our acknowledgment of the applicability of this rule of law to the negligent use of motor vehicles by an inexperienced, incompetent or reckless driver can be found in *Naudzius* v. *Lahr* (1931), 253 Mich 216, 229 (74 ALR 1189, 30 NCCA 179); *Tanis* v. *Eding* ·(1933), 265 Mich 94, 96; and *Elliott* v. *A. J. Smith Contracting Co.* (1960), 358 Mich 398, 414, all cited in *Haring, supra,* and in *Perin* v. *Peuler* (on rehearing, 1964), 373 Mich 531, and *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563.

In each of the foregoing cases the owner of the automobile intentionally entrusted it to another whose negligent use resulted in injuries. However, there is no basis in logic to rule that an injured person's right to recover damages from the owner depends upon whether the owner intentionally entrusted the motor vehicle to an incompetent driver or negligently made it accessible to him, provided that in either case the owner knew or should have known that the incompetent driver's use of the vehicle likely would cause injuries to others. We know of no case in this jurisdiction or elsewhere in which such a distinction is drawn and we are not persuaded that it should be drawn in this case. In fact, in *May* v. *Goulding* (1961), 365 Mich 143, a case involving the liability of a parent of a mentally deficient child for

injuries resulting from the child's use of a firearm, Mr. Justice BLACK, writing for the Court, emphasized in the opening paragraph of his opinion that liability in such cases may be predicated upon the parent's "having intrusted—or having made accessible—a firearm or other deadly weapon to his mentally deficient child." 365 Mich 143, 144.

We do not read Mr. Justice O'HARA's opinion in this case of Muma to conflict with the foregoing. While recognizing the rule of law, he states his judgment to be that plaintiffs' proofs were inadequate to support the jury's verdict for plaintiffs and, therefore, that the circuit judge's entry of a judgment for the defendant parents *non obstante veredicto* was not erroneous. We respectfully disagree, but we acknowledge that the question is a close one.

Here, the record discloses evidence from which the jury could have found that the parents knew their 14-year-old son had driven their car on several prior occasions,* that he had requested permission to drive it on still other occasions and had been refused, that he was very interested in cars and other machinery, and that the car's keys were left by defendant parents in a place where they were accessible to their child. There was, in addition, evidence from which the jury could find that defendant parents knew or should have known that a 14-year-old child would be likely to cause injury to others if permitted to drive an automobile on the public highways without close supervision. Nonetheless, defendant parents left their son alone at home for a period of three days, their automobile in the garage and its keys in a cupboard in the kitchen. On such an evidentiary record, the jury was entitled to find,

---

* The circuit judge erred when he wrote in his opinion granting judgment *non obstante veredicto*, quoted in Justice O'HARA's opinion, that there was no such evidence.

as it did, that the defendant parents were guilty of actionable negligence within the rule of law set forth above. It was, therefore, error for the circuit judge to set aside the verdict of the jury and to enter judgment for defendant parents *non obstante veredicto*.

Judgment should be reversed and the cause remanded. Plaintiffs may tax their costs.

T. M. KAVANAGH and ADAMS, JJ., concurred with SOURIS, J.

BRENNAN, J., took no part in the decision of this case.