DORTMAN v. LESTER.

OPINION OF THE COURT.

1. AUTOMOBILES—NEGLIGENCE—PARENT AND CHILD.

Parents of a minor may be held liable in negligence for permitting their child to drive an automobile, knowing he was incompetent to do so.

2. NEGLIGENCE—PARENT AND CHILD.

Parents may be held liable for harm inflicted by their minor child under circumstances that constitute negligence of the parents.

3. PARENT AND CHILD—CONTROL.

Parents are under a duty to exercise reasonable care to control their minor child to prevent him from intentionally harming others or from creating an unreasonable risk of harm to others, if the parents know or have reason to know that they have the ability to control the child, and know or should know of the necessity and opportunity for exercising such control.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 8 Am Jur 2d, Automobiles and Highway Traffic § 561.
[2, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 584.
[3, 4, 7] 39 Am Jur, Parent and Child § 55 et seq.

4. TORTS—CONTROL OF OTHERS.

A is liable for harm resulting to C from tortious conduct of B if A controls B or has a duty to use care to control the conduct of B who is likely to do harm if not controlled and A fails to exercise care in such control.

5. AUTOMOBILES—NEGLIGENCE—PARENT AND CHILD.

Summary judgment for defendant father of 18-year-old driver in actions by plaintiff husband and wife for injuries sustained as a result of the negligent tort of driver while operating car titled in name of driver and his mother, *held,* error, since a parent of a minor may be liable for negligently allowing his child to operate a car knowing that the child was incompetent to do so.

DISSENTING OPINION.

DETHMERS, C. J., KELLY, and O'HARA, JJ.

6. AUTOMOBILES—PARENT AND CHILD—NEGLIGENCE OF CHILD.

*Summary judgments were properly entered for defendant father in actions by plaintiff husband and wife for injuries alleged to have been sustained by latter as a result of the negligent tort of defendant 18-year-old minor son while operating car titled in minor and his mother, since the father was a stranger to the title of the car, could not have prohibited the son from obtaining title thereto legally, and could not legally compel the son as co-owner to divest himself of his co-ownership.*

7. PARENT AND CHILD—TORT OF CHILD.

*The mere relationship of parent and child does not render the parent liable for the tort of the child.*

Appeal from Court of Appeals, Division 2; Lesinski, C. J., T. G. Kavanagh and Quinn, JJ., affirming St. Clair, Streeter (Halford I.), J. Submitted October 4, 1967. (Calendar No. 6, Docket Nos. 51,568, 51,569.) Decided February 9, 1968.

3 Mich App 600, reversed and remanded.

Complaint by Frances A. Dortman against Harger H. Lester, Barre E. Lester, and Lucille Lester for injuries sustained in automobile collision. Similar complaint by Ralph Dortman against same

defendants for derivative damages. Summary judgment in each case dismissing Harger H. Lester as defendant. Plaintiffs appealed and cases were consolidated in Court of Appeals. Affirmed by Court of Appeals. Plaintiffs appeal. Reversed and remanded.

*Peter E. Bradt,* for plaintiffs.

*McIntosh, Simpson, Oppliger & Mugan (Gerald E. Mugan,* of counsel), for defendant Harger H. Lester.

Souris, J. This appeal involves two cases brought in behalf of the Dortmans to recover damages from the defendants for injuries suffered by Mrs. Dortman when the car in which she was riding was struck from the rear by a car driven by defendant Barre Lester, the 18-year-old son of the other defendants. Title to the car Barre Lester was driving was in his name and his mother's. Plaintiffs planted their claim against defendant father on the theory that he was causally negligent in permitting his son to drive a car knowing that the son was an incompetent driver and that the father's negligence and the son's negligence were concurrent proximate causes of Mrs. Dortman's injuries.[*]

While plaintiffs' pleadings are in conclusionary form, defendants did not move for a more definite statement. Instead, they answered and then moved for summary judgment in favor of defendant father alone on the grounds that plaintiffs' complaints failed to state causes of action against him (see GCR 1963, 117.2[1]) and that, as against him there was no genuine issue as to any material fact, thereby entitling defendant father to dismissal of the

---

[*] The complaint alleged, and the answer admitted, that the son "was subject to the orders, direction and control" of his parents.

actions as a matter of law (see GCR 1963, 117.2[3]).
The circuit judge granted summary judgments dis-
missing the actions against defendant father for
failure to state causes of action against him. The
Court of Appeals affirmed. 3 Mich App 600.

Following the Court of Appeals' decision in this
case, this Court decided *Muma* v. *Brown* (1967),
378 Mich 637. We divided equally on the sufficiency
of proofs to support the jury's verdict in favor of
plaintiff. The dissenters who voted for reversal
considered the crucial legal issue on the appeal to
be the applicability of the rule of negligent entrust-
ment to the facts of the case. The Justices who
joined in the controlling opinion, on the other hand,
like the circuit judge and the Court of Appeals,
considered the legal issue to be whether parents
are liable for the negligent acts of their children
resulting from the parents' negligent failure to ex-
ercise parental supervision. See their opinion at
pp 643–645, and particularly at p 644 where it is
said that the question was one of first impression.
If the question addressed by the Justices who joined
in the controlling opinion was a negligent entrust-
ment question, then clearly it was not one of first
impression. See the negligent entrustment cases
cited in the dissent at p 648. They were, instead,
addressing the issue of parental liability, in a case
in which the rules of negligent entrustment would
have been adequate to support plaintiffs' claim.

In discussing the issue of parental liability, those
Justices who joined in the controlling opinion quite
properly did so in the factual context of the *Muma
Case,* in which the parents happened to own the
vehicle with which their child negligently committed
a tortious injury. The fact of the parents' owner-
ship and control of the vehicle was legally irrelevant
to the legal issue of their parental liability, although

it would have been legally relevant to their liability under the rules of negligent entrustment. Unfortunately, the controlling opinion's language seems to limit its otherwise valid conclusions regarding parental liability for a child's negligent operation of a motor vehicle only to those situations in which the parents not only can exercise control over the child, but, also can control the availability of the motor vehicle to the child. While I do not believe such limitation is legally justifiable, I concede the case of *Muma* v. *Brown, supra,* does not contribute much to our decision herein. We must, instead, look elsewhere for our authority.

Earlier, in *May* v. *Goulding* (1961), 365 Mich 143, this Court cited and applied, among others, the following authorities pertinent to the issue framed by the pleadings in this case of Dortman:

1 Harper and James, Law of Torts, § 8.13, p 662:

"Aside from the relationship of master and servant, the parent may be liable for harm inflicted by a child under circumstances that constitute negligence on the part of the parent. This, of course, is not a case of responsibility of a parent for the child's tort, but liability for his own wrong."

2 Restatement, Torts, § 316, currently, Restatement, (Second), Torts § 316, pp 123, 124:

"§ 316. Duty of Parent to Control Conduct of Child.

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

4 Restatement, Torts, § 877, p 442:

"§ 877. A person Directing or Permitting Conduct of Another.

"For harm resulting to a third person from the tortious conduct of another, a person is liable if he * * *

"(a) * * *
"(b) * * *
"(c) controls, or has a duty to use care to control, the conduct of another who is likely to do harm if not controlled, and fails to exercise care in such control, or
"(d) * * *"

The theory upon which plaintiffs relied in these cases as against the defendant father is squarely within the above-quoted rules of the common law. The motions for summary judgment, therefore, should not have been granted for failure to state causes of action. We reverse and remand to the circuit court for further proceedings. Plaintiffs may tax their costs.

T. M. Kavanagh, Adams, and Brennan, JJ., concurred with Souris, J.

O'Hara, J. (*dissenting*). I disagree with Mr. Justice Souris. First, I am not in accord with his application of *Muma v. Brown*, 378 Mich 637. I regard the case as inapposite.

In *Muma*, we were concerned with an unlicensed and inexperienced minor of the age of 14 driving the family automobile titled in the mother and father jointly. The theory of the plaintiff was that the parents were negligent in leaving the 14-year-old boy at home alone unsupervised for a weekend, with a set of keys to the family car in the house.

In the case at bar the minor was 18 years of age. He was a licensed driver. The title to the auto-

mobile involved was in his name and the name of his mother. His license to drive was granted him by the State. He was legally entitled to be an owner and he was by the certificate of title a co-owner. His father was a stranger to the title and could not under any statute we have been cited have prohibited his son from obtaining title thereto legally, nor legally could he compel his son as co-owner to divest himself of his co-ownership.* This is a far factual cry from the situation presented in *Muma*.

With the general principles quoted by Justice Souris I have no basic disagreement. In the pleaded factual context of this case I do not think they control. Plaintiff alleged as to the father only that Barre E. Lester was under 21, and "was subject to the orders, direction and control of his * * * parents." Literally, such a legal conclusion can hardly be challenged. It is little more than a restatement of the parent-child relationship. Such relationship does not per se render a parent liable for the tort of a child. At least I have never so understood that to be the law of this State.

I would affirm the Court of Appeals. Costs to the defendant Harger A. Lester.

DETHMERS, C. J., and KELLY, J., concurred with O'HARA, J.

BLACK, J., did not sit.

---

* We are aware of PA 1966, No 164, which became effective March 10, 1967.