WOODS v ALKEN AUTO SALES LTD

TATUM v ALKEN AUTO SALES LTD

Docket Nos. 148979, 162884. Submitted November 1, 1994, at Detroit. Decided November 22, 1994, at 9:00 A.M.

Willie E. Woods and Jean Tatum brought separate actions in the Oakland Circuit Court against Alken Auto Sales Ltd., Donald J. Card, and others for damages for injuries sustained by the plaintiffs when an automobile driven by Card struck an automobile driven by Woods and in which Tatum was a passenger. The automobile Card was driving at the time of the accident had been purchased by him from Alken. The plaintiffs asserted that Alken should be liable on the theory of negligent entrustment, because Card had no valid driver's license at the time of the sale. The court, Robert C. Anderson, J., granted summary disposition for Alken in each action. Each plaintiff appealed, and the appeals were consolidated.

The Court of Appeals *held:*

Because Alken did not retain title to the automobile and had no expectation of regaining possession of the automobile, the trial court properly refused to extend liability under the doctrine of negligent entrustment.

Affirmed.

*Alspector, Sosin, Mittenthal & Barson, P.C.* (by *Stuart E. Schafer* and *Gabriel B. Locher*), for the plaintiffs.

*Law Offices of Terry L. Cramer & Associates* (by *Patricia S. Johnson*), for Alken Auto Sales Ltd.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

PER CURIAM. Plaintiffs, Willie Woods and Jean Tatum, filed separate appeals as of right from the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court's orders that granted summary disposition for defendant Alken Auto Sales Ltd., and dismissed plaintiffs' personal injury lawsuits that arose from an automobile accident. MCR 2.116(C) (8) and (10). We affirm.

Defendant Alken sold a car to defendant Donald J. Card, who had no valid Michigan driver's license. About two weeks later, a truck owned by defendant Pepsi-Cola Metro Bottling Co. and driven by defendant Rubin Posada made a wide right-hand turn ahead of defendant Card, who lost control of the car and swerved into oncoming traffic. He struck an automobile driven by Woods, severely injuring both Woods and his passenger, Tatum. Plaintiffs sued separately and settled their claims against their respective defendants, except defendants Card and Alken. Woods took a default against Card, and Tatum never served Card.

The trial court did not err in dismissing the case and in refusing to extend the doctrine of negligent entrustment under the facts of this case. Alken did not retain title and had no expectation of regaining possession of the car involved in the accident. See *Perin v Peuler (On Rehearing),* 373 Mich 531, 537-538; 130 NW2d 4 (1964); *Haring v Myrick,* 368 Mich 420, 423, 424, n 2; 118 NW2d 260 (1962); *Tanis v Eding,* 265 Mich 94, 95-97; 251 NW 367 (1933). For that reason, the trial court properly refused to extend liability under the doctrine of negligent entrustment. *Barksdale v Nat'l Bank of Detroit,* 186 Mich App 286, 291; 463 NW2d 258 (1990).

Affirmed.