KOLAR v HUDSON

APPEAL OF FISHER

PARTIES—INTERVENTION—PLEADING—COURT RULES.
A party's motion for intervention is required by court rule to be accompanied by a pleading setting forth a claim or defense; absent a complaint setting forth the intervening plaintiff's claim, the claim is never before the trial court so as to vest jurisdiction in the court to render a judgment upon the claim (GCR 1963, 209).

Appeal from Oakland, William J. Beer, J. Submitted Division 2 June 7, 1974, at Detroit. (Docket No. 19081.) Decided August 15, 1974. Leave to appeal applied for.

Complaint by Richard Kolar against John Hudson and David R. Anderson for damages for personal injuries received in a pedestrian-automobile accident. William L. Fisher intervened as a plaintiff claiming certain attorney fees. Plaintiff Kolar settled with the defendants who tendered the settled amount to the county clerk's office. Plaintiff Kolar's motion for a determination of disbursement of the settlement funds granted. Intervening plaintiff appeals. Affirmed and remanded with instructions.

*George LaPlata,* for plaintiff.

*William L. Fisher, in propria persona.*

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 94.
59 Am Jur 2d, Parties § 129 *et seq.*

Before: BRONSON, P. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This appeal deals solely with the claim by intervening plaintiff Fisher for certain attorney fees allegedly owing by the principal plaintiff to intervening plaintiff, said fees allegedly resulting from services rendered by Fisher in the preparation of Kolar's suit against defendants. The underlying auto negligence action need not concern us, since that claim was settled and defendants tendered the settled amount to the county clerk's office as required by the order of the trial court.

It appears that plaintiff Kolar entered into an agreement with his uncle, intervening plaintiff Fisher, whereby Fisher, an attorney, would represent him for the purpose of pursuing his claim against defendants. Plaintiff Kolar apparently became dissatisfied with Fisher's efforts and sought to discharge Fisher and secure other counsel. Plaintiff Kolar allegedly executed a written instrument which purportedly gave intervening plaintiff Fisher an interest in plaintiff's cause of action and a lien against any recovery against defendants in the amount of $4333.33 plus interest at six percent per annum for the services rendered by Fisher in preparing the case. Plaintiff Kolar's new attorney thereafter filed a complaint on Kolar's behalf against defendants.

It further appears that after Kolar commenced his action against defendants, he filed a Request for Investigation against Fisher with the State Bar Grievance Board, alleging that Fisher neglected his duty in failing to commence the suit within a reasonable period of time and that Fisher solicited

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the case; and, therefore, Fisher should not be allowed to seek attorney fees if Kolar received a favorable judgment. Fisher filed his reply with the Grievance Board asserting that the matter of the fees was the subject of the aforementioned written agreement. The Grievance Board wrote a letter to Fisher seeking further information as to the basis of the $4333.33 recited in the "agreement", indicated that the "agreement" did not divest the Grievance Board of jurisdiction to investigate Kolar's complaint and informed Fisher that he must file a responsive answer to the complaint within 20 days or face an entry of a default.

At this point Fisher filed a document with the circuit court having jurisdiction over Kolar's suit against defendants entitled "Petition for Intervention and for Other Relief". In that document Fisher indicated that he had a right to intervene by virtue of the contract assigning him an interest in the litigation and a lien on any recovery to the extent of the agreed-upon amount of $4333.33 plus interest. This document further requested injunctive relief enjoining Kolar, his present attorney, and the Grievance Board and its attorney from proceeding on the matter before the Grievance Board. Fisher sought and obtained an *ex parte* temporary restraining order. A show-cause hearing was scheduled.

The Grievance Board and its attorney moved for accelerated judgment on the basis of lack of jurisdiction. Plaintiff Kolar filed an answer to the motion to intervene asserting generally that Fisher's proper avenue of relief was either a separate contract action or arbitration before the arbitration panel of the Bar Association of Michigan. After the show-cause hearing, the trial court ordered the action for injunctive relief against the

Grievance Board and its attorney dismissed. The trial court also ordered that "Petitioner, William L. Fisher, is allowed only subordinate intervention as an unnamed party Plaintiff in this cause * * * " and that " * * * any sums of money whatsoever achieved or resulting from this litigation by settlement, judgment or any form whatsoever shall be paid into the Oakland County Clerk for distribution only on the order of this Court".

Thereafter, Kolar settled with defendants for $8500. Kolar's attorney moved for a determination of disbursement of the settlement funds, filing with that motion a notice of hearing for that motion and a proof of service indicating that a copy of the notice of hearing had been sent to Fisher by certified mail. Fisher did not appear for the hearing. The trial court thereafter determined that $6100 should go to the plaintiff Kolar and $2400 should go to Fisher.[1] An order was prepared and signed which provided that $6100 be paid to Kolar and that the $2400 be paid to Fisher upon receipt of his full and complete release or in the alternative that it be paid to Oakland County Clerk to be held for disbursement subject to the terms of the order.

Fisher moved for a rehearing with respect to the disbursement order alleging that he had never received notice of the hearing on the order, and that the order as entered was contrary to law. Kolar answered the motion for rehearing asserting that Fisher had refused to accept delivery of the certified letter containing the notice of the hearing and attached a copy of the envelope used to send the notice upon which was written the postal

[1] The apparent basis upon which the trial court arrived at the $2400 figure was the indication by counsel that Kolar had made an offer of settlement to Fisher in that amount; an offer which Fisher had refused.

service's notation indicating the refusal to accept delivery. The trial court denied Fisher's motion for rehearing. Fisher now appeals as of right.

On appeal Fisher argues that the trial court improperly entered the order of distribution of funds whereby Fisher was to receive $2400 for his services if and when he released Kolar. We need not reach that question. It is clear from the record below that Fisher never perfected his status as an intervening plaintiff, and, thus, he is not an aggrieved party within the meaning of GCR 1963, 806.1, such that he has a right to appeal to this Court.

The practice and procedure with respect to intervention is governed by GCR 1963, 209. Fisher's right to intervene, if any, would be pursuant to either subsection (3) or (4) of GCR 1963, 209.1. As such intervention is permitted only upon a timely application to intervene. The procedure with respect to interventions is set forth in GCR 1963, 209.3, which provides, in pertinent part:

"When an application for intervention is required a person shall apply to the court by motion to intervene and shall give notice in writing to all parties. The motion shall state the grounds for intervention and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

The rule clearly requires that the motion for intervention be accompanied by a pleading setting forth the claim or defense. While Fisher did file the necessary motion stating the grounds for intervention, there is nothing in the lower court record evidencing that he filed the pleading setting forth his claim. The meaning of the term "pleading" as used in the General Court Rules is set forth in GCR 1963, 110.1, which provides:

"Pleadings. There shall be a complaint; an answer; a reply to an answer demanding a reply and to a counter-claim denominated as such; an answer to a cross-claim if the answer contains a cross-claim; a third-party complaint if a person who was not an original party is summoned under Rule 204; and a third-party answer if a third-party complaint is served. No other pleading shall be allowed except that a reply may be made to an answer or a third-party answer."

Since Fisher's claim was not in the nature of an answer, a reply to an answer, an answer to a cross-claim, a third-party complaint brought pursuant to GCR 1963, 204 or an answer thereto, the appropriate pleading would have been a complaint setting forth his claim. The logic of requiring such a pleading when intervention is sought is obvious. Absent a complaint setting forth the intervening plaintiff's claim, the claim is never technically before the trial court so as to vest jurisdiction in the court to render a judgment upon the claim. It would therefore appear that the trial court erred in granting Fisher's motion to intervene, since his motion was not accompanied by the appropriate pleading, and was thus not in compliance with the mandate of GCR 1963, 209.3.

Even were we to hold that the trial court could grant the motion to intervene absent the appropriate pleading, it would not avail Fisher. The order granting intervention merely granted Fisher the right to intervene; however, absent the necessary pleading that right is inchoate in nature. Since Fisher at no time filed a complaint setting forth his claim, he never exercised his bare "right" to intervene, and thus never became a party to the action prior to the settlement. By never perfecting his right to become a party to the action, he lacks standing to now challenge any orders entered in that action. Obviously, since he was not a party to

this action, he cannot be bound by the trial court's "determination" of what was proper compensation, unless Fisher chooses to accept the $2400 in exchange for his full and complete release as provided by the trial court's order allowing distribution.

Since plaintiff Kolar has not brought an appeal from the trial court's order granting Fisher $2400 upon executing a release, we need not determine the propriety of that order. Neither do we express any opinion as to what shall be done if Fisher chooses to refuse to take the $2400 in exchange for his release but rather chooses to commence an independent contract action for the contract amount. It will suffice to say that on the basis of the narrow question here decided, the trial court is affirmed. It is, however, clear that some additional order by the trial court will be necessary as to the disposition of the settlement funds if Fisher chooses to avail himself of his right to bring his contract claim in a separate action.

Affirmed, but remanded to the trial court for such additional orders as may be required for a disposition consistent with this opinion. Costs to plaintiff Kolar.

All concurred.