AMERICAN STATES INSURANCE COMPANY v ALBIN

KUEHNE v ALBIN

Docket Nos. 58289, 58290. Submitted March 15, 1982, at Detroit.—Decided July 19, 1982. Leave to appeal applied for.

Kenneth Kuehne, a minor, was seriously injured in a fight with Frank Albin, another minor. John H. Kuehne, Kenneth's father, commenced an action in his individual capacity and as next friend of Kenneth against Frank Albin and his parents in Oakland Circuit Court. Count III of plaintiff's complaint alleged that Mr. and Mrs. Albin were liable for the negligent supervision and control of their son. Defendants moved for partial summary judgment on the ground that plaintiff's allegation in Count III did not constitute a legitimate cause of action recognized by the courts of this state. Following a hearing, the trial court, Robert C. Anderson, J., granted partial summary judgment in favor of defendants as to Count III of plaintiff's complaint. Shortly thereafter, American States Insurance Company, an insurer of the Albins, filed a complaint in Oakland Circuit Court seeking a declaratory judgment as to its liability for Frank Albin's intentional act of striking Kenneth Kuehne. American moved for summary judgment on the ground that a policy exclusion exempted it from liability. Following a hearing, an order of summary judgment in favor of American was entered, Robert C. Anderson, J. One day later, John Kuehne filed an application to intervene in American's declaratory judgment action. He also sought to interplead and moved for

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 231.
   73 Am Jur 2d, Summary Judgment § 27.
[2] 61A Am Jur 2d, Pleading § 230.
   73 Am Jur 2d, Summary Judgment § 26.
[3, 4, 6] 59 Am Jur 2d, Parent and Child §§ 130, 133.
   Parent's liability for injury or damage intentionally inflicted by minor children. 54 ALR3d 974.
[5] 59 Am Jur 2d, Parent and Child §§ 14, 85-87, 152.
[7] 59 Am Jur 2d, Parties § 162.
   Time within which right to intervene may be exercised. 37 ALR2d 1306.

reconsideration of the order of summary judgment in favor of American and of the order of partial summary judgment in favor of Mr. and Mrs. Albin. Following a hearing, Kuehne's motions were denied, Robert C. Anderson, J. John Kuehne appeals the judgments in the two cases. The appeals have been consolidated. *Held:*

1. The trial court erred in granting partial summary judgment in favor of the Albins in the primary action. A person who is injured by the act of a child which proximately results from negligent parental supervision over the child has a valid cause of action against the parents.

2. The trial court did not err in denying Kuehne's motion to intervene in the declaratory judgment action instituted by American. Kuehne did not submit a pleading with his application for intervention as required by the court rules. Furthermore, his untimely application was a proper basis for denying intervention.

3. The issue of whether the trial court erred in granting summary judgment to American is not properly before the Court of Appeals. Kuehne never perfected his status as an intervening defendant in the declaratory judgment action, therefore he is not an aggrieved party and has no right to appeal that judgment.

4. The order of partial summary judgment in the negligence action is reversed and that case is remanded. The orders in the declaratory judgment action are affirmed.

Affirmed in part, reversed in part and remanded.

1. Judgments — Summary Judgments — Court Rules.

A motion for summary judgment on the basis that the opposing party has failed to state a claim for which relief can be granted tests only the legal, not the factual, sufficiency of the pleadings alone and the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. Negligence — Summary Judgments — Duty — Court Rules.

Summary judgment may be granted in a negligence action if it is determined as a matter of law that the defendant owed no duty to the plaintiff (GCR 1963, 117.2[1]).

3. Parent and Child — Control.

Parents are under a duty to exercise reasonable care to control their minor children to prevent them from intentionally harm-

ing others or from so conducting themselves as to create an unreasonable risk of bodily harm to others if the parents know or have reason to know that they have the ability to control the children and know or should know of the necessity and opportunity for exercising such control.

4. NEGLIGENCE — PARENT AND CHILD.

Parents may be held liable for harm inflicted by their minor children under circumstances that constitute negligence of the parents.

5. PARENT AND CHILD — TORTS — NEGLIGENCE.

A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent except (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child or (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

6. PARENT AND CHILD — TORTS — NEGLIGENCE.

A person who is injured by an act of a child which proximately results from negligent parental supervision over the child has a valid cause of action against the parents.

7. ACTIONS — INTERVENTION — LACHES — DELAY — COURT RULES.

A person's right to intervene in a legal action should be asserted within a reasonable time; laches or unreasonable delay by the prospective intervenor is a proper reason to deny intervention of right (GCR 1963, 209.1).

*LaBarge, Dinning & Lyons, P.C.,* for American States Insurance Company.

*Sullivan, Ward & Bone, P.C.* (by *Gerard J. Andree),* for appellees Albin.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.* (by *Barry M. Feldman),* for appellants Kuehne.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and N. J. LAMBROS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. H. GILLIS, P.J. This case involves the consolidation of two appeals brought by John H. Kuehne, plaintiff in the principal action and attempted intervening defendant in an action for declaratory relief brought by American States Insurance Company (American). The trial court granted partial summary judgment to defendants James and Agnes Albin in the principal action and summary judgment to American in the action for declaratory relief. Mr. Kuehne appeals both judgments as of right.

On August 28, 1979, Frank Albin and Kenneth Kuehne, both minors at the time, engaged themselves in an altercation which resulted in serious injuries to Kenneth Kuehne. On October 9, 1979, plaintiff John H. Kuehne, father of Kenneth, commenced an action in his individual capacity and as next friend of Kenneth against Frank Albin and his parents, James and Agnes Albin. Count III of plaintiff's complaint alleged that Mr. and Mrs. Albin were liable for the negligent supervision and control of their son. Defendants James and Agnes Albin subsequently moved for partial summary judgment on the ground that the allegations in Count III of the complaint did not "constitute a legitimate cause of action recognized by the courts of this state". Following a hearing, the trial court entered a final order of partial summary judgment as to Count III in favor of defendants James and Agnes Albin.

On February 20, 1980, American filed a complaint for declaratory relief seeking a determination of its liability under a policy of insurance in which Frank Albin was a named insured. On December 2, 1980, American moved for summary judgment pursuant to GCR 1963, 117.2(3) on the ground that a policy exclusion exempted American

from liability for Frank Albin's intentional act of striking Kenneth Kuehne. Following a hearing, an order of summary judgment in favor of American was entered December 30, 1980.

On December 31, 1980, plaintiff John Kuehne filed an application to intervene in American's declaratory judgment action, either as of right pursuant to GCR 1963, 209.1(3) or permissibly pursuant to GCR 1963, 209.2(2). Plaintiff also sought to interplead pursuant to GCR 1963, 210, and on the same day, moved for reconsideration of the order of summary judgment in favor of American and of the order of partial summary judgment in favor of James and Agnes Albin. Following a hearing, plaintiff's motions were denied.

I

The first question we address is whether the trial court erred in granting partial summary judgment to defendants James and Agnes Albin on the ground that Count III of plaintiff's complaint failed to state a cause of action.[1]

In reviewing a grant or denial of summary judgment under GCR 1963, 117.2(1), the appellate court tests the motion by the pleadings alone. A motion for summary judgment under GCR 1963, 117.2(1) tests only the legal and not the factual sufficiency of the pleadings and the motion should be denied unless the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Evans v Van Kleek,* 110 Mich App 798, 802; 314 NW2d 486 (1981); *Swindlehurst v Resistance*

---

[1] Although defendants' motion did not cite the relevant court rule, it was apparently based on GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted.

*Welder Corp,* 110 Mich App 693, 696-697; 313 NW2d 191 (1981). In a negligence case such as this one, summary judgment is properly granted pursuant to GCR 1963, 117.2(1) if it is determined as a matter of law that the defendant owed no duty to the plaintiff. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 162; 174 NW2d 752 (1970); *Cook v Bennett,* 94 Mich App 93, 98; 288 NW2d 609 (1979).

Count III of plaintiff's complaint alleged that defendants had a duty to exercise parental control over their son, that they knew of their minor son's "propensity towards aggressive, intimidating, injurious and damaging behavior", and that they breached their duty by failing to supervise the activities of their son and failing to exercise proper parental control over him.

The law in Michigan is that a parent is under a duty to exercise reasonable care so to control his minor children as to prevent them from intentionally harming others or from so conducting themselves as to create an unreasonable risk of bodily harm to them if the parent knows or has reason to know that he has the ability to control his children and knows or should know of the necessity and opportunity for exercising such control. *Dortman v Lester,* 380 Mich 80, 84; 155 NW2d 846 (1968), citing *May v Goulding,* 365 Mich 143; 111 NW2d 862 (1961); *Muma v Brown,* 378 Mich 637; 148 NW2d 760 (1967). The Court in *Dortman v Lester, supra,* quoted with approval from 1 Harper & James, Law of Torts, § 8.13, p 662:

" 'Aside from the relationship of master and servant, the parent may be liable for harm inflicted by a child under circumstances that constitute negligence on the

part of the parent. This, of course, is not a case of responsibility of a parent for the child's tort, but liability for his own wrong.' " 380 Mich 80, 84.

Defendants cite *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972); *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975), *lv den* 395 Mich 751 (1975); *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1977); and *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981), in arguing that the doctrine of parental immunity bars all causes of action for negligent parental supervision. The Supreme Court in *Plumley v Klein, supra,* abrogated the doctrine of intra-family tort immunity, with two exceptions:

"A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." (Footnote omitted.) 388 Mich 1, 8.

Cases interpreting the *Plumley* rule have held that an action for negligent parental supervision is barred because it involves a parent's exercise of authority over his or her child and thus falls within the first exception to the abrogation of parental immunity. *Paige, supra,* 484; *McCallister, supra,* 137-139.

However, we find *Plumley* and its progeny clearly inapplicable to the facts in the case at bar. In each of the cases cited by defendants, *the child*

*was the injured party.* The actions for negligent parental supervision were brought either directly by the child or his representative against the parents[2] or by the principal tortfeasor against the injured child's parents for contribution.[3] In cases where the ultimate cause of action is based on injuries to the child, the key policy considerations underlying the parental immunity doctrine (and the *Plumley* exceptions to abrogation of the doctrine), such as preservation of domestic tranquility and family unity, protection of family resources and recognition of the need to avoid judicial intervention into the core of parenthood and parental discipline[4] have clear application. On the other hand, where, as is in the instant case, the alleged negligent parental supervision proximately resulted in an act by the child which caused injuries to a third party, the intra-family tort immunity doctrine and the underlying policy considerations are inapplicable.

We note that the principles in *Dortman v Lester, supra,* and *Muma v Brown, supra,* authorizing a direct action by an injured party based on parental negligence, were recognized prior to the decision in *Plumley v Klein. Plumley* did nothing to alter those principles. We hold that where a person is injured by the act of a child which proximately results from negligent parental supervision over the child, the injured party has a valid cause of action against the parents. The trial court erred in granting summary judgment to defendants.

---

[2] *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972); *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

[3] *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975), *lv den* 395 Mich 751 (1975); *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1977). In *Hush,* the third-party defendant was the plaintiff's grandmother, who stood *in loco parentis* to plaintiff.

[4] See *Hush v Devilbiss Co, supra,* 645.

## II

We next consider whether the trial court erred in denying plaintiff's motion to intervene in the declaratory judgment action instituted by American.

GCR 1963, 209.1[5] governs intervention of right. As a general rule, the right to intervene should be asserted within a reasonable time. Laches or unreasonable delay by the intervenor is a proper reason to deny intervention. *D'Agostini v City of Roseville,* 396 Mich 185, 188; 240 NW2d 252 (1976), citing *Ferndale School Dist v Royal Oak Twp School Dist No 8,* 293 Mich 1; 291 NW 199 (1940) (applying prior Michigan law); 59 Am Jur 2d, Parties, § 161 *et seq.,* pp 593 *et seq.*

In the present case, plaintiff did not make application for intervention until December 31, 1980, one day after summary judgment was entered in favor of American and long after plaintiff learned of his possible interest in the lawsuit. Plaintiff's untimely application was a proper basis for denying intervention. Moreover, plaintiff did not submit a pleading with the application for intervention as required by GCR 1963, 209.3. See *Kolar v Hudson,* 55 Mich App 114; 222 NW2d 53 (1974), *lv den* 393 Mich 811 (1975). The trial court did not err in denying the application.

## III

The final issue presented is whether the trial

---

[5] Plaintiff also cites the court rule governing permissive intervention, GCR 1963, 209.2, but fails to offer any arguments or cite any authority in support of his position. We treat the issue as having been abandoned. *Fuhrmann v Hattaway,* 109 Mich App 429, 434; 311 NW2d 379 (1981).

court erred in granting summary judgment to American pursuant to GCR 1963, 117.2(3). We find that the issue is not properly before the Court. Since plaintiff Kuehne never perfected his status as an intervening defendant in the declaratory judgment action, he is not an aggrieved party within the meaning of GCR 1963, 806.1 and therefore has no right to appeal to this Court. *Kolar v Hudson, supra,* 118.

The order of partial summary judgment in appeal Docket No. 58290 is reversed and the case is remanded. The orders in appeal Docket No. 58289 are affirmed.