*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN COVINGTON,

        Plaintiff,

v

KEVIN GERMAINE ROBINSON, LEO DESHAUN
MUMPFIELD, and PROGRESSIVE MICHIGAN
INSURANCE COMPANY,

        Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee,

and

EQMD,

        Appellant.

UNPUBLISHED
May 19, 2022

No. 357901
Wayne Circuit Court
LC No. 19-015201-NI

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

      EQMD has filed a claim of appeal from an order granting partial summary disposition under MCR 2.116(C)(10) to defendant, State Farm Mutual Automobile Insurance Company ("State Farm").[1] We dismiss for lack of jurisdiction.

---

[1] Defendants Kevin Germaine Robinson, Leo Deshaun Mumpfield, and Progressive Michigan Insurance Company are not parties to this appeal.

-1-

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, John Covington, was injured in an automobile accident involving defendant, Kevin Germaine Robinson. State Farm was Covington's insurer under the no-fault act, MCL 500.3101 *et seq.* Covington sustained injuries to his leg and sought treatment from Dr. Riad George Khoury with Star Management and Rehab. Dr. Khoury used EQMD's services. EQMD is a "nation-wide provider of technology-enabled dispensing solutions for physicians." EQMD does not prescribe or dispense medications. Rather, EQMD offers physicians "billing services" for prescription medications. Dr. Khoury prescribed Covington a number of medications for his injuries ("the prescriptions"). Afterwards, EQMD sought payment from State Farm under the no-fault act, in the amount of $2,515.20, the cost of the prescriptions.

Covington filed a complaint for payment of no-fault benefits, including the amount billed for the prescriptions. State Farm moved for partial summary disposition, contending that the prescriptions were not compensable under the no-fault act. EQMD made a nonparty filing contesting State Farm's motion for summary disposition. However, EQMD did not move to intervene. The trial court granted State Farm's partial motion for summary disposition. EQMD moved for reconsideration, but the trial court denied the motion. Covington and defendants later settled the matter and the trial court dismissed the case with prejudice. On appeal, EQMD contests the trial court's order granting EQMD's motion for summary disposition.

## II. JURISDICTION

Though not contained in EQMD's questions presented, this appeal contains foundational or threshold issues of jurisdiction warranting our consideration. Specifically, we consider whether this Court has jurisdiction to consider a nonparty's challenge to a trial court's decision on appeal when the nonparty never moved to intervene.

### A. STANDARD OF REVIEW

"The question of jurisdiction is always within the scope of this Court's review." *Adams v Adams*, 276 Mich App 704, 709; 742 NW2d 399 (2007). "Jurisdictional questions are reviewed de novo." *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014). To the extent that this issue requires the interpretation of statutes and court rules, the review is also de novo. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

### B. LAW AND ANALYSIS

MCR 7.203(A)(1) states, in part: "(A) Appeal of Right. The [Court of Appeals] has jurisdiction of an appeal of right filed by *an aggrieved party* from the following: (1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6) . . . ." (Emphasis added.)

> To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the

court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Manuel v Gill*, 481 Mich 637, 643-644; 753 NW2d 48 (2008) (cleaned up).]

However, a party is not an "aggrieved party" where the party fails to perfect his or her status as an intervening party in the trial court. See *American States Ins Co v Albin*, 118 Mich App 201, 210; 324 NW2d 574 (1982).[2] EQMD never perfected its status as an intervening party in the trial court; therefore, it is not an "aggrieved party" under MCR 7.203(A)(1). In other words, because neither plaintiff nor defendants appealed to this Court, and because EQMD did not intervene as a party in the trial court, EQMD cannot unilaterally maintain this appeal. See *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). Further, EQMD is not "aggrieved" because it has not demonstrated a pecuniary interest in the outcome of this appeal. See *id*. at 291-292. While EQMD identified itself as the "billing provider" in the trial court, it stated that it was "not seeking payment for any products, services or accommodations provided by EQMD, but for charges incurred by plaintiff's doctors to be remitted to third-party biller EQMD." Thus, there is nothing to indicate that EQMD had any *interest* in the amounts billed, either directly or through an assignment of rights. Accordingly, this Court lacks jurisdiction to consider EQMD's claim of appeal and we dismiss it for lack of jurisdiction.

## III. CONCLUSION

Dismissed for lack of jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).