*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BELABBAS OUELHACI,

       Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant-Appellee

and

EQMD, INC.,

       Appellant.

UNPUBLISHED
May 19, 2022

No. 357104
Wayne Circuit Court
LC No. 18-012765-NF

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

In this first-party action for insurance benefits under the no-fault act, MCL 500.3101 *et seq.*, appellant, EQMD, Inc., appeals as of right the April 20, 2021 final judgment dismissing the case with prejudice by stipulation of plaintiff and defendant. EQMD specifically challenges the October 5, 2020 trial court order granting partial summary disposition to defendant, and dismissing claims billed by EQMD. Because we lack appellate jurisdiction, we dismiss.

Plaintiff was involved in a car accident, and received related medical treatment from Dr. Nazih Iskander, a doctor practicing at the Metro Pain Clinic. A series of claims were submitted to defendant, plaintiff's no-fault insurer, for medications prescribed by Dr. Iskander between February 2018, and September 2018. The claim forms listed EQMD as the "billing provider."

Defendant moved for partial summary disposition under MCR 2.116(C)(10) on the claims billed by EQMD. EQMD appeared in the trial court and opposed the motion for partial summary disposition, but never moved to intervene. The trial court granted the motion for partial summary disposition. A few months later, plaintiff and defendant stipulated to dismissal of the case with

-1-

prejudice. EQMD now appeals, attacking the grant of partial summary disposition on the EQMD-billed claims.

Defendant challenges this Court's jurisdiction, arguing EQMD is not an "aggrieved party" under MCR 7.203(A). "The question of jurisdiction is always within the scope of this Court's review." *Adams v Adams*, 276 Mich App 704, 708-709; 742 NW2d 399 (2007). "Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012).

As relevant here, MCR 7.203 provides:

(A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

(1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6), . . . . [MCR 7.203(A)(1).]

Our Supreme Court has explained:

In appeals, . . . the party seeking appellate relief [is required to] be an "aggrieved party" under MCR 7.203(A) and our case law. This Court has previously stated, "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290-292; 715 NW2d 846 (2006) (citations and footnotes omitted).]

In *American States Ins Co v Albin*, 118 Mich App 201, 210; 324 NW2d 574 (1982),[1] we held that a party that failed to intervene below was "not an aggrieved party within the meaning of GCR 1963, 806.1 and therefore has no right to appeal to this Court." EQMD did not even attempt to intervene in the trial court. Moreover, EQMD has not demonstrated a pecuniary interest in the outcome of this appeal. See *Federated Ins Co*, 475 Mich at 291-292. There are claim forms in the record listing EQMD as the "billing provider," but EQMD explicitly disclaims that those bills are for services it provided, and there is nothing to indicate whether EQMD had any *interest* in the

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012). Uncontradicted opinions decided before November 1, 1990, are "entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

amounts billed.  EQMD does not even clearly allege such an interest.  EQMD has not claimed any assignment of relevant rights by plaintiff or his doctors.  See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017) (an insured who is entitled to no-fault benefits may assign his or her right to past or presently due benefits to a healthcare provider).  We therefore conclude that EQMD is not an aggrieved party, and jurisdiction of this appeal is lacking.  See *Federated Ins Co*, 475 Mich at 291-292; *American States Ins Co*, 118 Mich App at 210; MCR 7.203(A)(1).

Dismissed for lack of jurisdiction.[2]

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[2] EQMD has filed at least five nearly identical appeals in the last few years, all of which have been unsuccessful, for the reasons explained above as well as several others.  We note that this has the potential to be considered vexatious litigation should EQMD continue to litigate in a similar fashion.